UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
JEFFREY THEODAT,

               Plaintiff,                       **AMENDED COMPLAINT**

        -against-                            Trial by Jury Demanded

THE CITY OF NEW YORK,                  16-CV-03977
NYPD OFFICER JOEL CROOMS,
NYPD OFFICER DALSH VEVE and
NYPD OFFICER CHRISTOPHER MCDONALD,

               Defendants.
------------------------------X

       Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

### THE PARTIES, JURISDICTION and VENUE

       1. That at all times herein mentioned, plaintiff was and is a United States citizen and resident of the State of New York, County of Kings.

       2. That this Court has jurisdiction over this action in that some of the causes of action herein arise under 42 U.S.C. § 1983.

       3. That venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) in that the events giving rise to this action occurred in this district.

       4. That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

       5. That prior to the institution of this action and within ninety (90) days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the defendants on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of

claim and intention to sue was presented and the defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

6. That at all times herein mentioned, the City operated, controlled, and maintained a police force known as the New York Police Department (hereinafter "the NYPD").

7. That at all times herein mentioned, defendant NYPD Officer Joel Crooms (hereinafter "Crooms") was and is employed as a police officer with the NYPD.

8. That at all times herein mentioned, Crooms was acting within the course and scope of his employment with the NYPD.

9. That at all times herein mentioned, Crooms was acting under color of state law.

10. That at all times herein mentioned, defendant NYPD Officer Dalsh Veve (hereinafter "Veve"), was and is employed as a police officer with the NYPD.

11. That at all times herein mentioned, Veve was acting within the course and scope of his employment with the NYPD.

12. That at all times herein mentioned, Veve was acting under color of state law.

13. That at all times herein mentioned, defendant NYPD Officer Christopher McDonald (hereinafter "McDonald"), was and is employed as a police officer with the NYPD.

14. That at all times herein mentioned, McDonald was acting within the course and scope of his employment with the NYPD.

15. That at all times herein mentioned, McDonald was acting under color of state law.

16. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FACTS

17. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

18. That on May 25, 2015, plaintiff was a lawful pedestrian on 46th Street, between Clarendon Road and Avenue D, in Brooklyn, NY.

19. That while plaintiff was at the aforesaid location, he was forcibly stopped and searched by Crooms, Veve, and McDonald (hereinafter referred to collectively as "the officers"), without a warrant, without his consent, and without probable cause or reasonable suspicion to believe that he had committed or was about to commit any crime or violation.

20. That the officers also physically grabbed plaintiff, forcibly wrenched plaintiff's hands and arms behind his back, handcuffed plaintiff, and otherwise used force against plaintiff that was excessive and unjustified.

21. That after being placed in handcuffs, plaintiff was forcibly detained, without his consent and against his will, at various locations, including a police precinct, until his release from custody several hours later.

22. That on May 25, 2015, the officers also initiated and/or caused to be initiated a criminal prosecution of plaintiff, charging plaintiff with criminal possession of marijuana.

23. That the officers did not have probable cause to believe that plaintiff was in fact guilty of the crime with which he was charged, or with any crime or criminal violation.

24. That as a result of the aforesaid criminal prosecution, plaintiff was required to appear in Criminal Court on June 22, 2015 and was restricted in his liberty and travel.

25. That on or about June 11, 2015, the Kings County District Attorney's Office declined further prosecution of plaintiff and the criminal prosecution was terminated favorably to plaintiff.

26. That the aforesaid actions of the officers were undertaken without a warrant and without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or violation, and without otherwise being justified.

27. That the aforesaid actions of the officers were intentional, malicious, and spiteful in nature.

28. That as a result of the aforesaid actions of the officers, plaintiff was injured physically and emotionally, was caused to be embarrassed and humiliated, was caused to endure and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.

29. That each of the officers observed the improper and unconstitutional conduct of his fellow officers, had a reasonable opportunity to intervene to prevent and/or stop that conduct, but failed and refused to do so.

### FIRST CAUSE OF ACTION AGAINST
### CROOMS, VEVE and McDONALD
(42 U.S.C. § 1983: Illegal Search and Seizure)

30. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

31. That the aforesaid actions by the officers constituted an illegal and unreasonable search and seizure of plaintiff in violation of the proscription against unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Battery Under NY State Law)

32. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

33. That the aforesaid actions by the officers constituted a battery of plaintiff, for which the officers are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

### THIRD CAUSE OF ACTION AGAINST
### CROOMS, VEVE and McDONALD
(42 U.S.C. § 1983: Excessive Force)

34. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

35. That the aforesaid actions by the officers constituted a use of excessive force against plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(False Arrest/Imprisonment Under NY State Law)

36. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

37. That the aforesaid actions by the officers constituted a false arrest and false imprisonment of plaintiff, for which the officers are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

### FIFTH CAUSE OF ACTION AGAINST CROOMS, VEVE and McDONALD
(42 U.S.C. § 1983: False Arrest/Imprisonment)

38. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

39. That the aforesaid actions by the officers constituted a false arrest and false imprisonment of plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Prosecution Under NY State Law)

40. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

41. That the aforesaid actions by the officers constituted a malicious prosecution of plaintiff, for which the officers are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

### SEVENTH CAUSE OF ACTION AGAINST
### CROOMS, VEVE and McDONALD
(42 U.S.C. § 1983: Malicious Prosecution)

42. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

43. That the aforesaid actions by the officers constituted a malicious prosecution of plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### EIGHTH CAUSE OF ACTION AGAINST
### CROOMS, VEVE and McDONALD
(42 U.S.C. § 1983: Failure to Intervene)

44. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

45. That the failure of Crooms, Veve, and McDonald to intervene to prevent and/or stop the improper and unconstitutional conduct of their fellow officers entitles plaintiff to recover monetary damages from these defendants under 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands judgment in the form of compensatory damages against defendants, and each of them, on all of the aforementioned causes of action, each in the amount of One Million ($1,000,000.00) Dollars, together with punitive damages against Crooms, Veve, and McDonald, each in the amount of Two Hundred Fifty Thousand ($250,000.00) Dollars, and plaintiff demands attorneys' fees against Crooms, Veve, and McDonald pursuant to 42 U.S.C. § 1988, and plaintiff demands the costs and

disbursements of this action.

Dated: New York, New York
       October 13, 2016

                                        Yours, etc.
                                        SIVIN & MILLER, LLP

By_____
        Edward Sivin
        Attorneys for Plaintiff
        20 Vesey Street, Suite 1400
        New York, NY 10007
        (212) 349-0300

```
```
Case 1:16-cv-03977-FB-JO  Document 16  Filed 10/14/16  Page 9 of 9 PageID #: 55

Case No. 16-CV-03977 (FB)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFFREY THEODAT,

        Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

        Defendants.

## AMENDED COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
(212) 349-0300
FAX (212) 406-9462