16-CV-3977 (FB) (JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFFREY THEODAT,

Plaintiff,

- against -

THE CITY OF NEW YORK, NYPD OFFICER
JOEL CROOMS, NYPD OFFICER DALSH
VEVE, and NYPD OFFICER CHRISTOPHER
MCDONALD,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Crooms, Veve,*
*and McDonald*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Evan F. Jaffe*
*Tel:  (212) 356-2354*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .......................................................................... 1

STATEMENT OF FACTS ................................................................................. 1

STANDARD OF REVIEW ............................................................................... 3

POINT I

THERE WAS PROBABLE CAUSE FOR
PLAINTIFF'S ARREST ............................................................................ 4

POINT II

AT A MINIMUM, PLAINTIFF'S ARREST WAS
SUPPORTED BY "ARGUABLE PROBABLE
CAUSE" AND, THEREFORE, DEFENDANTS
ARE ENTITLED TO QUALIFIED IMMUNITY ..................................... 7

POINT III

PLAINTIFF'S FAILURE TO INTERVENE AND
UNLAWFUL SEARCH/SEIZURE CLAIMS FAIL
AS A MATTER OF LAW ......................................................................... 8

POINT IV

PLAINTIFF'S MALICIOUS PROSECUTION
CLAIM FAILS AS A MATTER OF LAW ............................................. 11

POINT V

PLAINTIFF FAILS TO ESTABLISH A CLAIM
FOR EXCESSIVE FORCE ..................................................................... 13

POINT VI

PLAINTIFF'S STATE LAW CLAIMS SHOULD
BE DISMISSED ..................................................................................... 18

CONCLUSION .................................................................................................. 19

**TABLE OF AUTHORITIES**

<u>**Cases**</u><span style="float:right"><u>**Pages**</u></span>

<u>Anderson v. Liberty Lobby, Inc.</u>,
   477 U.S. 242 (1986) ...........................................................................................3

<u>Antic v. City of New York</u>,
   No. 16 Civ. 2425 (JMF), 2017 U.S. Dist. LEXIS 117978
   (S.D.N.Y. July 27, 2017) ..................................................................................10

<u>Bernard v. United States</u>,
   25 F.3d 98 (2d Cir. 1994) ...................................................................................4

<u>Berry v. Marchinkowski</u>,
   137 F. Supp. 3d 495 (S.D.N.Y. 2015) ..............................................................11

<u>Brogdon v. City of New Rochelle</u>,
   200 F. Supp. 2d 411 (S.D.N.Y. 2002) ..............................................................11

<u>Brown v. City of New York</u>,
   306 F. Supp. 2d 473 (S.D.N.Y. 2004) ................................................................5

<u>Bryant v. Rudman</u>,
   933 F. Supp. 270 (S.D.N.Y. 1996) .....................................................................4

<u>Burg v. Gosselin</u>,
   591 F.3d 95 (2d Cir. 2010) ................................................................................12

<u>Candelario v. City of New York</u>,
   No. 12 Civ. 1206 (LAP), 2013 U.S. Dist. LEXIS 48412
   (S.D.N.Y. Mar. 29, 2013) ...................................................................................5

<u>Celotex Corp. v. Catrett</u>,
   477 U.S. 317 (1986) ...........................................................................................3

<u>Cerrone v. Brown</u>,
   246 F.3d 194 (2d Cir. 2001) ...........................................................................7, 9

<u>Chalmers v. Mitchell</u>,
   73 F.3d 1262 (2d Cir. 1996) ...............................................................................5

<u>City of Los Angeles v. Mendez</u>,
   137 S. Ct. 1539 (2017) ......................................................................................15

<u>D'Amico v. City of New York</u>,
   132 F.3d 145 (2d Cir.),
   <u>cert. denied</u> 542 U.S. 911 (1998) .......................................................................3

**Cases**            **Pages**

Evans v. Solomon,
   681 F. Supp. 2d 233 (E.D.N.Y. 2010) ............................................................................13, 17

Faruki v. City of New York,
   517 F. App'x 1 (2d Cir. 2013) ............................................................................11

Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc.,
   507 F. App'x 26 (2d Cir. 2013) ............................................................................17

Ferebee v. City of New York,
   No. 15 Civ. 1868 (PAC), 2017 U.S. Dist. LEXIS 104783
   (S.D.N.Y. July 6, 2017) ............................................................................9

Furgang & Adwar, LLP v. Fiber—Shield Indus.,
   55 A.D.3d 665 (2d Dep't 2008) ............................................................................12

Gorzynski v. JetBlue Airways Corp.,
   596 F.3d 93 (2d Cir. 2010)............................................................................4

Graham v. City of New York,
   928 F. Supp. 2d 610 (E.D.N.Y. 2013) ............................................................................18

Graham v. Connor,
   490 U.S. 386 (1989)............................................................................13

Hunter v. Bryant,
   502 U.S. 224 (1991)............................................................................7

Husbands v. City of New York,
   No. 05 Civ. 9252 (NRB), 2007 U.S. Dist. LEXIS 61042
   (S.D.N.Y. Aug. 16, 2007) ............................................................................14

Jackson v. City of New York,
   29 F. Supp. 3d 161 (E.D.N.Y. 2014) ............................................................................9

Jeffreys v. City of New York,
   426 F.3d 549 (2d Cir. 2005)............................................................................3, 4

John v. Lewis,
   No. 15-CV-5346 (PKC), 2017 U.S. Dist. LEXIS 49546 (Mar. 31, 2017)............................................................................10

Johnson v. Glick,
   481 F.2d 1028 (2d Cir. 1973)............................................................................13

Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.,
   192 F.3d 337 (2d Cir. 1999)............................................................................4

**Cases**                                                                                            **Pages**

Lee v. Sandberg,
    136 F.3d 94 (2d Cir. 1997)...................................................................................7

Lennon v. Miller,
    66 F.3d 416 (2d. Cir. 1995)..............................................................................4, 7

Lynch v. Suffolk Cnty. Police Dep't, Inc.,
    348 F. App'x 672 (2d Cir. 2009) ......................................................................11

Marshall v. City of New York,
    198 F. Supp. 3d 224 (E.D.N.Y. 2016) ..............................................................18

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986)............................................................................................3

Mejia v. City of New York,
    119 F. Supp. 2d 232 (S.D.N.Y. 2000)..............................................................15

Memphis Community School District v. Stachura,
    477 U.S. 299 (1986)..........................................................................................10

Murphy v. Lynn,
    118 F.3d 938 (2d Cir. 1997)................................................................... 10-11, 12

Nimely v. City of New York,
    414 F.3d 381 (2d Cir. 2005)..............................................................................13

Nogbou v. Mayrose,
    No. 07 Civ. 3763 (RWS), 2009 U.S. Dist. LEXIS 96118
    (S.D.N.Y. Oct. 15, 2009),
    aff'd, 400 F. App'x 617 (2d Cir. 2010)..............................................................17

People v. Muhammad,
    16 N.Y.3d 184 (2011) .........................................................................................5

Perlleshi v. Cty. Of Westchester,
    No. 98 Civ. 6927 (CM), 2000 U.S. Dist. LEXIS 6054 (S.D.N.Y. Apr. 24,
    2000) ..................................................................................................................16

Phelps v. Szubinski,
    577 F. Supp. 2d 650 (E.D.N.Y. 2008) ..............................................................14

Provost v. City of Newburgh,
    262 F.3d 146 (2d Cir. 2001)................................................................................8

**Cases**                                                                                              **Pages**

Rateau v. City of New York,
    No. 06-CV-4751 (KAM) (CLP), 2009 U.S. Dist. LEXIS 90112
    (E.D.N.Y. Sep. 29, 2009)................................................................................. 17-18

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997)..................................................................................5, 9

Romano v. Howarth,
    998 F.2d 101 (2d Cir. 1993).....................................................................................13

Salvador v. City of New York,
    No. 15 Civ. 5164 (DLC), 2016 U.S. Dist. LEXIS 66053
    (S.D.N.Y. May 19, 2016)........................................................................................11

Saucier v. Katz,
    533 U.S. 204 (2011)................................................................................................13

Scott v. Almenas,
    143 F.3d 105 (2d Cir. 1998)................................................................................4, 12

Sharpe v. City of New York,
    No. 11 Civ. 5494 (BMC), 2013 U.S. Dist. LEXIS 75094
    (E.D.N.Y. May 28, 2013) .........................................................................................8

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995).......................................................................................4

Smith v. City of New York,
    No. 04-CV-3286 (TPG), 2010 U.S. Dist. LEXIS 88774
    (S.D.N.Y. Aug. 27, 2010),
    aff'd sub nom. Smith v. Tobon, 529 F. App'x 36 (2d Cir. 2013)...........................14

Swinton v. City of New York,
    785 F. Supp. 2d 3 (S.D.N.Y. 2011) .......................................................................10

Torraco v. Port Auth. of N.Y. & N.J.,
    615 F.3d 129 (2d Cir. 2010)......................................................................................5

United States v. Paulino,
    445 F.3d 211 (2d Cir. 2006)......................................................................................5

United States v. Robinson,
    414 U.S. 218 (1973)..................................................................................................9

**<u>Cases</u>**                                                                                                          **<u>Pages</u>**

<u>Valtchev v. City of New York</u>,
    No. 06 Civ. 7157 (NRB), 2009 U.S. Dist. LEXIS 79815
    (S.D.N.Y. Aug. 31, 2009) ..................................................................................................................10

<u>Vogeler v. Colbath</u>,
    No. 04 Civ. 6071 (LMS), 2005 U.S. Dist. LEXIS 44658
    (S.D.N.Y. Oct. 6, 2005) ..................................................................................................................16

<u>Washpon v. Parr</u>,
    561 F. Supp. 2d 394 (S.D.N.Y. 2008)..................................................................................................17

<u>Weyant v. Okst</u>,
    101 F.3d 845 (2d Cir. 1996)..................................................................................................................4

<u>Ying Li v. City of New York</u>,
    246 F. Supp. 3d 578 (E.D.N.Y. 2017) ..................................................................................................11

<u>Zellner v. Summerlin</u>,
    494 F.3d 344 (2d Cir. 2007)..................................................................................................................7

**<u>Statutes</u>**

New York Penal Law § 10.00(8) ..................................................................................................................5

New York Penal Law § 221.05 ..................................................................................................................5

New York Penal Law § 221.10..................................................................................................................5

## PRELIMINARY STATEMENT

Plaintiff Jeffrey Theodat brings this action, pursuant to 42 U.S.C. § 1983, alleging constitutional violations arising out of a May 25, 2015 arrest for criminal possession of marijuana that occurred in the East Flatbush section of Brooklyn, New York.  Defendants City of New York, Police Officer Joel Crooms, Police Officer Dalsh Veve, and Police Officer Christopher McDonald respectfully submit this memorandum of law in support of their motion for summary judgment on the grounds that: (i) there was probable cause for plaintiff's arrest; (ii) defendants, at the very least, are entitled to qualified immunity; (iii) plaintiff's failure to intervene and unlawful search/seizure claims fail as a matter of law; (iv) plaintiff's malicious prosecution claim fails as a matter of law; (v) plaintiff fails to establish a claim for excessive force; and (vi) plaintiff's state law claims against the City should be dismissed as there is no underlying violation to support a theory of vicarious liability.

## STATEMENT OF FACTS

On May 24, 2015, around 1:56 a.m., Officer Joel Crooms of the New York City Police Department's ("NYPD") 67th Precinct was working patrol with Officer Dalsh Veve and Officer Christopher McDonald in the East Flatbush area of Brooklyn, New York.  (Defs R. 56.1 at ¶¶ 1-2)  The officers drove down 46th Street with the windows open so that they could hear what was occurring on the street and smell any odors.  (Id. at ¶ 3)  Officer Crooms, a passenger in the car, smelled marijuana while driving towards Avenue D.  (Id. at ¶ 4)  Officer Crooms observed plaintiff standing on the sidewalk at the corner of Avenue D and East 46th Street putting his hand to his mouth with what appeared to be a cigarette. (Id. at ¶ 5)

The officers approached the northeast corner of 46th Street and Avenue D and Officer Crooms exited the car.  (Id. at ¶ 6)  Officer Crooms turned on his flashlight as he approached plaintiff and from approximately 1-2 feet away, observed plaintiff drop the

marijuana cigarette right by his feet.  (Id. at ¶¶ 6, 8)  Officer Crooms also detected a strong odor of marijuana as he approached plaintiff.  (Id. at ¶ 7)  Officer Crooms collected the lit marijuana cigarette from the ground, which was right by plaintiff's feet (and no person other than plaintiff and the officers were at this corner), and placed plaintiff under arrest for criminal possession of marijuana in violation of New York Penal Law § 221.10.  (Id. at ¶¶ 8-11)  Although plaintiff states he told Officer Crooms that his shoulder hurt, plaintiff did not request any medical treatment and did not seek any treatment after the arrest for any purported injuries.  (Id. at ¶¶ 16-17)

The officers transported plaintiff back to the 67th Precinct where Officer Crooms performed a marijuana field test of the cigarette recovered at the scene; the field test was positive for marijuana.  (Id. at ¶ 12)  Additionally, Officer Crooms vouchered the marijuana cigarette, which the NYPD Laboratory later tested and confirmed a positive result for marijuana.  (Id. at ¶¶ 9, 13)  At the precinct, Officers Crooms and McDonald processed the paperwork for plaintiff's arrest and around 4:13 a.m. on May 25, 2015, approximately 2.5 hours after the arrest, Officer Crooms issued a Desk Appearance Ticket to plaintiff who was thereafter released.  (Id. at ¶¶ 14-15)

In a letter dated June 11, 2015, the Kings County District Attorney's Office declined to prosecute plaintiff's arrest in the interests of justice, stating that "[a]lthough there is sufficient evidence to sustain the charge of PL 221.10 (or PL 221.05, if applicable), the People decline to prosecute in the interests of justice pursuant to the Class B misdemeanor marihuana possession policy guidelines of the Kings County District Attorney's Office."  (Id. at ¶¶ 18-19) Plaintiff made one appearance at the courthouse, on or about June 22, 2015, relating to his May 25, 2015 arrest.  (Id. at ¶ 20) He did not appear before a judge; instead, plaintiff went to the

Kings County District Attorney's Office where he learned that on June 11, 2015 that office declined to prosecute his May 25, 2015 arrest.  (Id. at ¶ 21)  Approximately one-two weeks later, plaintiff received the declined prosecution letter.  (Id. at ¶ 22)

On or about August 15, 2015, plaintiff filed a notice of claim against the City of New York, Police Officer Joel Crooms, John Doe Police Officer # 1, and John Doe Police Officer # 2 for the events arising out of plaintiff's May 25, 2015 arrest.  (Id. at ¶ 23)  On July 18, 2016, plaintiff filed a complaint in this action against the City of New York, NYPD Officer Joel Crooms, John Doe # 1 and John Doe # 2 (Id. at ¶ 24); plaintiff, on October 14, 2016, amended his complaint to add Officers Veve and McDonald as defendants.  (Id. at ¶ 25)

## STANDARD OF REVIEW

Summary judgment is designed to expedite civil cases by eliminating from the trial calendar those claims that can properly be resolved as a matter of law.  Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted when, viewing the evidence in the light most favorable to the non-movant, the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a); D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.), cert. denied 542 U.S. 911 (1998).  A motion for summary judgment requires the party with the burden of proof at trial to "make a showing sufficient to establish the existence of an element essential to that party's case ... since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  In turn, a plaintiff must proffer more than "the mere existence of a scintilla of evidence" to support his claim.  See Jeffreys v. City of New York, 426

F.3d 549, 554 (2d Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Moreover, the party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). A fact is material when it "might affect the outcome of a suit under governing law." Jeffreys, 426 F.3d at 553 (internal quotation marks omitted). The non-moving party cannot "rely on conclusory allegations or unsubstantiated speculation." See Scott v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Similarly, "a party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 104 (2d Cir. 2010) (internal citation omitted). The party bearing the burden of proof has no right to take the case to trial if a favorable verdict "could only be the product of surmise, speculation, and conjecture." See Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc., 192 F.3d 337, 346 (2d Cir. 1999) (internal citation omitted).

**POINT I**

**THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARREST**

Probable cause to arrest "constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)). Accordingly, "there is no liability under § 1983 for false arrest . . . if the arresting officer had probable cause to arrest the plaintiff." Bryant v. Rudman, 933 F. Supp. 270, 274 (S.D.N.Y. 1996) (citing Lennon v. Miller, 66 F.3d 416, 423-24 (2d. Cir. 1995); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).

Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer, 63 F.3d at 118 (internal citations omitted). Probable cause requires only a probability, not an actual showing, of criminal activity. Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997). Accordingly, where there is probable cause for a person's arrest, a false arrest claim must fail even where the charges are eventually dismissed and "even where a person is ultimately acquitted." Candelario v. City of New York, No. 12 Civ. 1206 (LAP), 2013 U.S. Dist. LEXIS 48412, at *10 (S.D.N.Y. Mar. 29, 2013) (citing Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 139 (2d Cir. 2010)); Brown v. City of New York, 306 F. Supp. 2d 473, 479 (S.D.N.Y. 2004) ("the eventual dismissal of the charges against [plaintiff], does not in itself establish an absence of probable cause to arrest him").

A person is guilty of criminal possession of marijuana in the fifth degree when he "knowingly and unlawfully possesses" marijuana in a public place. New York Penal Law § 221.10. Additionally, a person is guilty of the lesser charge of unlawful possession of marijuana when he "knowingly and unlawfully possesses" marijuana. Id. § 221.05. To "possess" marijuana means to "have physical possession or otherwise exercise dominion or control" over the marijuana. Id. § 10.00(8). Knowing possession of marijuana can be inferred where an individual has "dominion or control" over the area where the drugs are found, which includes constructive possession. See Chalmers v. Mitchell, 73 F.3d 1262, 1272 (2d Cir. 1996). An individual has constructive possession of an object when he knowingly has the power and intention at some point in time to exercise control over it, which may be inferred from control over the area where the property is found. See United States v. Paulino, 445 F.3d 211, 222 (2d

Cir. 2006); see also Chalmers, 73 F.3d at 1272; People v. Muhammad, 16 N.Y.3d 184, 188 (2011).

   The admissible evidence supports a finding that the officers had probable cause to arrest plaintiff for several marijuana offenses.  When Officer Crooms approached the northeast corner of 46th Street and Avenue D and exited the car, he already possessed information that there was marijuana in the air and an individual, later discovered to be plaintiff, was at the corner smoking some type of cigarette.  (Defs R. 56.1 at ¶¶ 4-5)  As Officer Crooms exited the patrol car and walked towards plaintiff, he detected an even stronger odor of marijuana.  (Id. at ¶ 7)  Officer Crooms, who had his flashlight out and pointed towards plaintiff, saw plaintiff drop a marijuana cigarette right by his feet.  (Id. at ¶ 6, 8)  When Officer Crooms saw plaintiff drop the marijuana cigarette, there was no person other than plaintiff and the officers at this corner.  (Id. at ¶ 10)  The cigarette that plaintiff dropped right by his feet, that was recovered and vouchered by Officer Crooms, tested positive twice for marijuana.  (Id. at ¶¶ 9-13)  It is clear from the evidence in this action that plaintiff unlawfully possessed marijuana in a public place, in violation of both Penal Law §§ 221.10 and 221.05.  Plaintiff offers only his say-so that he did not have anything on him or otherwise was unaware that marijuana was found at the scene, which is not enough to show a dispute of material fact to survive summary judgment.  Accordingly, since the officers had probable cause to arrest plaintiff, his federal and state law claims for false arrest should be dismissed.

**POINT II**

**AT A MINIMUM, PLAINTIFF'S ARREST WAS SUPPORTED BY "ARGUABLE PROBABLE CAUSE" AND, THEREFORE, DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**

Even if plaintiff can overcome the conclusive evidence cited, *supra* Point I, courts have recognized that police officers are entitled to qualified immunity from a claim for arrest without probable cause if: (i) it was objectively reasonable for the officer to believe that probable cause existed, or (ii) officers of reasonable competence could disagree on whether there was probable cause to arrest. Zellner v. Summerlin, 494 F.3d 344, 367 (2d Cir. 2007); Cerrone v. Brown, 246 F.3d 194, 2003 (2d Cir. 2001) ("It is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable."). Thus, the Supreme Court has explained the qualified immunity standard "gives ample room for mistaken judgments by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991).

In cases of false arrest or imprisonment, the Second Circuit has defined the standard of qualified immunity as "arguable probable cause." Cerrone, 246 F.3d at 202. Arguable probable cause exists whenever a reasonable police officer, "'in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established law.'" Id. at 203 (quoting Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1997) (emphasis in original)); see Lennon, 66 F.3d at 420 ("Even where the plaintiff's federal rights and the scope of the official's

permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act.") (internal citation omitted).  In this showing of whether arguable probable cause existed, officers are "entitled to draw reasonable interferences from the facts they possessed at the time of a seizure based upon their own experiences."  Cerrone, 246 F.3d at 203.  Only where an officer's judgment was "so flawed that no reasonable officer would have made a similar choice," is the denial of qualified immunity appropriate.  Provost v. City of Newburgh, 262 F.3d 146, 169 (2d Cir. 2001).

       The record in this case establishes that, at a minimum, arguable probable cause existed for plaintiff's arrest.  It was "objectively reasonable" for Officer Crooms to arrest plaintiff for any number of marijuana offenses based on the factual circumstance available to him at the time of the arrest – namely, that Officer Crooms smelled marijuana as he drove down East 46th street, he saw plaintiff at the corner put a cigarette in his mouth, approached plaintiff and from 1-2 feet away smelled a strong odor of marijuana, and observed plaintiff drop a cigarette that was vouchered and tested positive twice for marijuana.  Plaintiff cannot offer any evidence to indicate that no officer of reasonable competence would have made the same choice in similar circumstances.  Accordingly, the officers are entitled to qualified immunity.

## POINT III

**PLAINTIFF'S FAILURE TO INTERVENE AND UNLAWFUL SEARCH/SEIZURE CLAIMS FAIL AS A MATTER OF LAW**

       As explained *supra*, plaintiff's false arrest claim is without merit.  Thus, since there was no underlying constitutional violation upon which to intervene, plaintiff's failure to intervene claim must be dismissed.  See, e.g., Sharpe v. City of New York, No. 11 Civ. 5494

(BMC), 2013 U.S. Dist. LEXIS 75094, at *31 (E.D.N.Y. May 28, 2013) ("[T[he absence of any underlying constitutional violations requires dismissal of plaintiff's failure to intervene claims.").

Insofar as the Court was to hold plaintiff has put forth enough evidence to present to a jury on his false arrest claim, defendants are still entitled to qualified immunity and, as such, the case should still be dismissed.  In the qualified immunity context, "[a] police officer cannot be held liable in damages for failure to intercede unless such failure permitted fellow officers to violate a suspect's clearly established statutory or constitutional rights of which a reasonable person would have known." Ricciuti , 124 F.3d at 129.  Further, "the failure to intercede must be under circumstances making it objectively unreasonable for [the officer] to believe that his fellow officers' conduct did not violate those rights." Id.  Having determined that there was at least arguable probable cause to arrest plaintiff – i.e., that "a reasonable police officer in the same circumstances and possessing the same knowledge as [defendants] could have reasonably believed that probable cause existed," (Cerrone, 246 F.3d at 202-03) – it cannot be said that defendants' failure to intervene was "objectively unreasonable"; accordingly, defendants are entitled to summary judgment on plaintiff's failure to intervene claim.

Furthermore, since there was probable cause, or, at the very least, arguable probable cause to arrest plaintiff for criminal possession of marijuana or unlawful possession of marijuana, any search of plaintiff was incident to a lawful arrest and, as such, permissible under the Fourth Amendment.  See Ferebee v. City of New York, No. 15 Civ. 1868 (PAC), 2017 U.S. Dist. LEXIS 104783, at *23-24 (S.D.N.Y. July 6, 2017) ("It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment" (quoting United States v. Robinson, 414 U.S. 218, 224 (1973)).

Insofar as the Court were to hold there are disputed issues of material fact concerning plaintiff's arrest, plaintiff's unlawful search and seizure claim is still duplicative of his false arrest claim and should be dismissed.  See Jackson v. City of New York, 29 F. Supp. 3d 161, 769 n. 8 (E.D.N.Y. 2014) (finding plaintiff's illegal search and seizure of the person duplicative of his false arrest claim and construing them to set forth one claim for false arrest). Here, plaintiff uses the same facts and claims the same injuries for his false arrest claim as for his claim of unlawful search and seizure.  (Defs R. 56.1 at ¶ 25 (cf. ¶¶ 30-31 of the Amended Complaint with ¶¶ 36-39))

Moreover, the Supreme Court "has held that compensatory damages for a constitutional violation [such as unlawful search and seizure] under § 1983 must be based on the actual injuries suffered by the plaintiff."  Valtchev v. City of New York, No. 06 Civ. 7157 (NRB), 2009 U.S. Dist. LEXIS 79815, at *39 (S.D.N.Y. Aug. 31, 2009) (citing Memphis Community School District v. Stachura, 477 U.S. 299, 306 (1986)).  Where a plaintiff alleges no facts and/or puts forth no evidence that he suffered an actual injury from an allegedly unlawful search that is distinct from the arrest, his claim must fail.  See Swinton v. City of New York, 785 F. Supp. 2d 3, 15 (S.D.N.Y. 2011) (holding that "the abstract value of a constitutional right may not form the basis for § 1983 damages," and where a plaintiff combines damages arising out of multiple alleged violations, such "gross disconnect" between the alleged violation and injury cannot form the basis of an illegal search claim under § 1983 (internal citations omitted)); see also John v. Lewis, No. 15-CV-5346 (PKC), 2017 U.S. Dist. LEXIS 49546, at *35 (Mar. 31, 2017) (granting defendants' summary judgment where plaintiff alleges no facts that could be construed as an injury caused by a search).  Accordingly, plaintiff's unlawful search claim should be dismissed.

**POINT IV**

**PLAINTIFF'S  MALICIOUS  PROSECUTION
CLAIM FAILS AS A MATTER OF LAW**

To succeed on a malicious prosecution claim under federal or New York State law, a plaintiff must prove, among other things, that the underlying proceeding terminated in his favor.  Antic v. City of New York, No. 16 Civ. 2425 (JMF), 2017 U.S. Dist. LEXIS 117978, at *22-23 (S.D.N.Y. July 27, 2017).  "Where the prosecution did not result in an acquittal," however, "it is deemed to have ended in favor of the accused, for these purposes, only when its final disposition is such as to indicate the innocence of the accused."  Murphy v. Lynn, 118 F.3d 938, 948 (2d Cir. 1997).  Moreover, "dismissals by the prosecution 'in the interests of justice' … are generally considered not to be dispositions in favor of the accused."  Id., 118 F.3d at 949; Lynch v. Suffolk Cnty. Police Dep't, Inc., 348 F. App'x 672, 674 (2d Cir. 2009) (summary order).  Ultimately, while New York law does not require a malicious prosecution plaintiff to prove her innocence, Ying Li v. City of New York, 246 F. Supp. 3d 578, 607-608 (E.D.N.Y. 2017), the dispositive inquiry is whether the "failure to proceed impl[ies] a lack of reasonable grounds for the prosecution."  Murphy, 118 F.3d at 948 (internal citation and quotation marks omitted).

Furthermore, the existence of probable cause defeats a claim for malicious prosecution.  See Salvador v. City of New York, No. 15 Civ. 5164 (DLC), 2016 U.S. Dist. LEXIS 66053, at *20 (S.D.N.Y. May 19, 2016) (holding that probable cause to arrest satisfies the probable cause to prosecute prong for a malicious prosecution claim).  If probable cause existed at the time of arrest, "it continues to exist at the time of prosecution unless undermined by the discovery of some intervening fact."  Berry v. Marchinkowski, 137 F. Supp. 3d 495, 537 (S.D.N.Y. 2015).  Additionally, to survive summary judgment, a plaintiff must elicit evidence

- 11 -

"showing . . . some deliberate act punctuated with awareness of 'conscious falsity' to establish malice." Brogdon v. City of New Rochelle, 200 F. Supp. 2d 411, 423 (S.D.N.Y. 2002).  Finally, plaintiff must show a deprivation of liberty consistent with the concept of a seizure and a required court appearance does not rise to the level of a constitutional deprivation.  See Faruki v. City of New York, 517 F. App'x 1, 2 (2d Cir. 2013) (holding two court appearances is not a sufficient deprivation of liberty to sustain a claim of malicious prosecution).

       The evidence clearly supports that plaintiff's prosecution did not terminate in his favor.  The King's County District Attorney's Office stated that "[a]lthough there is sufficient evidence to sustain the charge of PL 221.10 (or PL 221.05, if applicable), the People decline to prosecute in the interests of justice pursuant to the Class B misdemeanor marihuana possession policy guidelines of the Kings County District Attorney's Office."  (Defs R. 56.1 at   ¶ 19)  This statement supports the finding that there were facts and circumstances to believe that plaintiff was guilty of at least one, if not two, charges relating to unlawful possession of marijuana.  As such, the dismissal of charges was not due to "a lack of reasonable grounds for the prosecution." Murphy, 118 F.3d at 948-4; see Furgang & Adwar, LLP v. Fiber—Shield Indus., 55 A.D.3d 665 (2d Dep't 2008) ("To show a termination in [its] favor, the plaintiff must prove that the court passed on the merits of the charge or claim against [it] under such circumstances as to show [its] innocence or nonliability, or show that the proceedings were terminated or abandoned at the instance of the defendant under circumstances which fairly imply the plaintiff's innocence." (alteration in original and citation omitted)).  Although plaintiff may claim that there was no foundation to the District Attorney's statement, plaintiff offers no *evidence* to support such a position; rather, plaintiff relies on speculation and his say-so in the hope that he may create an issue of fact to defeat summary judgment, which is not enough.  See Scott, 143 F.3d at 114.

Insofar as plaintiff was able to show a favorable termination, which he cannot, for the reasons stated above, there was probable cause to arrest plaintiff, which satisfies the probable cause to prosecute prong for a malicious prosecution claim.  Plaintiff has proffered no evidence which would suggest that probable cause to arrest for unlawful possession of marijuana, which existed at the time of his arrest, dissipated during his prosecution.  Nor has plaintiff put forth any evidence to infer malice as there was probable cause, or at least arguable probable cause to prosecute plaintiff for criminal possession of marijuana in light of the objective facts known to the officer.  Finally, plaintiff only had to make one court appearance – where he learned that *prior* to his appearance the District Attorney's Office declined to prosecute his arrest (Defs R. 56.1 at ¶¶ 20-22) – which is not enough to satisfy the deprivation of liberty prong.  See Burg v. Gosselin, 591 F.3d 95, 98, 101 (2d Cir. 2010) ("holding that a pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure.").  Accordingly, plaintiff cannot succeed on his federal and state law claims of malicious prosecution.

## POINT V

## PLAINTIFF FAILS TO ESTABLISH A CLAIM
## FOR EXCESSIVE FORCE

In order to establish that an officer's use of force was constitutionally excessive, the plaintiff must show that the officer's actions were objectively unreasonable in light of the facts and circumstances of the situation known to the officer.  Nimely v. City of New York, 414 F.3d 381, 390 (2d Cir. 2005).  The Supreme Court has recognized that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof."  Graham v. Connor, 490 U.S. 386, 396 (1989).  When evaluating whether a use of force is reasonable, the inquiry must be made from the "perspective of a

reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. The reasonableness standard allows that police officers "can have reasonable, but mistaken, beliefs" regarding the appropriate level of force, "and in those situations courts will not hold that they have violated the Constitution." Saucier v. Katz, 533 U.S. 204, 206 (2011). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham, 490 U.S. at 397 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

The relevant inquiry is whether there was a *de minimis* use of force, not whether the injury sustained was *de minimis*; "a *de minimis* use of force will rarely suffice to state a Constitutional claim." Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993); see, e.g., Evans v. Solomon, 681 F. Supp. 2d 233, 252 (E.D.N.Y. 2010) (granting defendants summary judgment on plaintiff's claim of excessive force where plaintiff alleged that an officer twisted his arm behind his back, pinned him against his vehicle, and handcuffed him in a painful manner because these allegations were merely *de minimis* force); Husbands v. City of New York, No. 05 Civ. 9252 (NRB), 2007 U.S. Dist. LEXIS 61042, at *33-36 (S.D.N.Y. Aug. 16, 2007) (granting summary judgment on excessive force claim where officer punched and then handcuffed suspect who "kept his arms by his sides in a manner that prevented [the officer] from placing them behind his back in order to handcuff him.").

However, plaintiff still must exhibit some demonstrable physical injury as a result of the defendant's actions. See Phelps v. Szubinski, 577 F. Supp. 2d 650, 663 (E.D.N.Y. 2008). Where the connection between the alleged injury and the applied force is based only upon speculation or conclusory allegations, summary judgment is warranted. Id. Moreover, where an arrestee suffers only *de minimis* injuries, summary judgment is appropriate. Smith v. City of

- 14 -

New York, No. 04-CV-3286 (TPG), 2010 U.S. Dist. LEXIS 88774, at *26-27 (S.D.N.Y. Aug. 27, 2010), aff'd sub nom. Smith v. Tobon, 529 F. App'x 36 (2d Cir. 2013).

The evidence from the arrest supports a finding that any use of force was *de minimis*. Officer Crooms, the arresting officer, approached plaintiff, smelled marijuana, and saw him drop a marijuana cigarette on the ground. (Defs R. 56.1 at ¶¶ 5-8) Officer Crooms then investigated the scene and, after determining that plaintiff had committed a crime – for smoking marijuana in a public place in violation of New York Penal Law § 222.10 – placed plaintiff under arrest. (Id. at ¶¶ 9-11) Placing handcuffs to effectuate a lawful arrest, in it of itself, is not "objectively unreasonable" and there is no evidence to suggest that the officers used any force more than necessary to arrest plaintiff. The officers had probable cause or, at the very least, arguable probable cause based on the overwhelming evidence at the scene that plaintiff unlawfully possessed marijuana and, as such, Officer Crooms was permitted to use a minimal amount of force to place handcuffs on plaintiff.

Plaintiff, in his opposition to defendants' September 5, 2017 pre-motion conference letter concerning the instant motion, cited Mejia v. City of New York, 119 F. Supp. 2d 232 (S.D.N.Y. 2000) to suggest that the officers did not have probable cause to arrest and, thus, any use of force was "objectively unreasonable"; to the extent plaintiff cites this case in his opposition, such argument is contrary to the unmistakable evidence here. The Court in Mejia denied defendants' summary judgment motion on plaintiffs' Bivens excessive force claim where plaintiffs produced evidence such that a reasonable juror could find defendants "did not have probable cause – or even an objectively reasonable belief that there was probable cause – to believe that [plaintiffs'] knowingly possessed" cocaine. 119 F. Supp. 2d at 282. The Court detailed how plaintiffs introduced evidence that defendants conspired to induce plaintiffs to

unknowingly possess cocaine; based on these specific facts, which suggested defendants manufactured evidence on which they base their argument that probable cause existed, the Court held "any use of force would be objectively unreasonable under the circumstances." Id.

In the first instance, plaintiff's argument is fundamentally flawed as a claim for excessive force *does not* necessarily follow a claim for false arrest. See City of Los Angeles v. Mendez, 137 S. Ct. 1539, 1547-48 (2017) (holding that federal law does not dictate "that any Fourth Amendment violation that is connected to a reasonable use of force should create a valid excessive force claim … [as] the excessive force and false arrest factual inquiries are distinct, [and, thus,] establishing a lack of probable cause to make an arrest does not establish an excessive force claim, and vice-versa." (citation and internal quotation marks omitted)). Additionally, there is no evidence whatsoever to suggest the officers manufactured a marijuana cigarette as a precursor to use force to effectuate an otherwise unlawful arrest. Rather, the record clearly shows that plaintiff smelled of marijuana, dropped a marijuana cigarette when the officers approached, that Officer Crooms vouchered and tested the cigarette (which was positive for marijuana), and sent that same cigarette to the laboratory for a second test, which was again positive for marijuana. (Defs R. 56.1 at ¶¶ 6-13)

Moreover, plaintiff has put forth no evidence that he alerted Officer Crooms or any other officer at the scene that the officer's use of force was excessive. Even if the Court were to credit plaintiff's testimony that an officer "grabbed" him and "twisted" his arm backwards such that his shoulder purportedly hurt, those actions do not rise to the level of a constitutional violation. See Perlleshi v. Cty. Of Westchester, No. 98 Civ. 6927 (CM), 2000 U.S. Dist. LEXIS 6054, at *18 (S.D.N.Y. Apr. 24, 2000) (cuffing an arrestee and raising his arms to purposefully cause momentary pain is not excessive force as a matter of law); Vogeler v.

Colbath, No. 04 Civ. 6071 (LMS), 2005 U.S. Dist. LEXIS 44658, at *31-35 (S.D.N.Y. Oct. 6, 2005) (granting summary judgment for defendants where plaintiff was lifted off the ground by his arms while handcuffed).

Furthermore, even assuming that plaintiff sustained some form of purported injury from the incident, any force used was only the minimal amount necessary to effectuate the arrest.  Plaintiff did not visit a doctor as a result of his alleged "shoulder pain" arising out of the arrest, produced no medical records in discovery, and proffered no medical evidence in the form of an examination and/or expert opinion to support his say-so that he suffered an injury.  (Defs R. 56.1 at ¶¶ 17-18)  His claim that if he does "too much work involving my left shoulder, I feel it and my shoulder snaps, like cracks all the time" is an allegation that is not supported by any medical records since plaintiff *never* sought medical treatment after the alleged incident.  (Defs R. 56.1 at ¶ 17)  Additionally, plaintiff has not sought any treatment for purported shoulder "snaps" and "cracks" in the two-plus years since the alleged incident, which suggests that any purported injury was *de minimis* and "can serve as conclusive evidence that *de minimis* force was used." Washpon v. Parr, 561 F. Supp. 2d 394, 407 (S.D.N.Y. 2008); see Nogbou v. Mayrose, No. 07 Civ. 3763 (RWS), 2009 U.S. Dist. LEXIS 96118, at *15-18 (S.D.N.Y. Oct. 15, 2009), aff'd, 400 F. App'x 617, 619 (2d Cir. 2010) (finding plaintiff's allegation that officers kicked him, dragged him out of a cardboard box, and shoved him violently into an ambulance to be *de minimis* force as evidenced by plaintiff's lack of injuries).

Moreover, were plaintiff's claims to survive summary judgment, a jury would not find his version of events credible as he never sought treatment for his purported shoulder injury even though it apparently "snaps" and "cracks all the time." See Evans, 233 F. Supp. 2d at 252 (dismissing excessive force claim and noting that "[a]lthough Plaintiff need not show 'permanent

or severe' injuries to maintain an excessive force claim … the minimal force applied in these allegations and the lack of any injury whatsoever weigh heavily against Plaintiff.")  In sum, defendants have set forth concrete evidence showing the absence of a disputed issue of material fact and plaintiff has presented no specific evidence showing a genuine dispute.  See Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc., 507 F. App'x 26, 29 (2d Cir. 2013) (citation omitted).  As such, the Court should dismiss plaintiff's claim for excessive force.

## POINT VI

### PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

As explained above, plaintiff's false arrest and malicious prosecutions claims, under both state law and federal law, are without merit because there was probable cause, or, at the very least, arguable probable cause to arrest and prosecute plaintiff as well as plaintiff has failed to show a favorable termination, among other things.  It is well-settled that "there can be no imposition of vicarious liability in the absence of underlying liability." Rateau v. City of New York, No. 06-CV-4751 (KAM) (CLP), 2009 U.S. Dist. LEXIS 90112, at *42-43 (E.D.N.Y. Sep. 29, 2009) (internal quotation marks and citation omitted).  Therefore, because plaintiff's state law false arrest and malicious prosecution claims should be dismissed against the defendant officers, plaintiff's claims against the City, premised on a theory of *respondeat superior*, or vicarious liability, should likewise be dismissed.

Additionally, courts have found that "[f]ederal excessive force claims and state law … battery claims against police officers are nearly identical." Graham v. City of New York, 928 F. Supp. 2d 610, 624 (E.D.N.Y. 2013); Marshall v. City of New York, 198 F. Supp. 3d 224, 227 (E.D.N.Y. 2016) ("the test for whether a plaintiff can maintain a supplemental cause of action for … battery is the exact same test as the one used to analyze a Fourth Amendment

excessive force claim" (internal citation omitted)).  Since there are no questions of material fact concerning plaintiff's excessive force claim, defendant officers are also entitled to summary judgment on plaintiff's battery claim.  Similarly, since there is no underlying violation, plaintiff's claim against the City, premised on the same facts, should also be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants City of New York, Police Officer Joel Crooms, Police Officer Dalsh Veve, and Police Officer Christopher McDonald respectfully request that the Court dismiss plaintiff's claims, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             November 13, 2017

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants City, Crooms, Veve, McDonald*
100 Church Street
New York, New York 10007
(212) 356-2354

By:              /s/
              Evan F. Jaffe
              *Assistant Corporation Counsel*

TO:   Edward Sivin, Esq. (VIA E-MAIL & U.S. MAIL)
       *Attorneys for Plaintiff*