UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JEFFREY THEODAT,

                            Plaintiff,

                                                                     16 Civ. 3977 (FB)(JO)
    - against -

THE CITY OF NEW YORK, Et Al.,

                            Defendants.
-----------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE
MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS**


                                                                 JOHN E. KNUDSEN
                                                                 <u>Attorney for Plaintiff</u>
                                                                 Of Counsel
                                                                 Sivin & Miller, LLP
                                                                 20 Vesey Street, Suite 1400
                                                                New York, NY 10007

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...........................................................................................................1

FACTUAL BACKGROUND ..............................................................................................................1

ARGUMENT ........................................................................................................................................3

STANDARD OF REVIEW ..................................................................................................................3

POINT I   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THEODAT'S FALSE ARREST CLAIM MUST BE DENIED BECAUSE THERE IS A DISPUTE ABOUT WHETHER PROBABLE CAUSE EXISTED TO ARREST PLAINTIFF ......................................4

POINT II   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THEODAT'S MALICIOUS PROSECUTION CLAIM MUST BE DENIED .......................................................7

POINT III   PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST PROCEED ............10

POINT IV   PLAINTIFF'S EXCESSIVE FORCE CLAIM MUST PROCEED ........................11

POINT V   PLAINTIFF'S STATE LAW CLAIMS MUST PROCEED ..................................14

CONCLUSION ...................................................................................................................................15

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JEFFREY THEODAT,

                        Plaintiff,
                                                      16 Civ. 3977 (FB)(JO)
        - against -


THE CITY OF NEW YORK, Et Al.,

                        Defendants.
-----------------------------------------------------------------x
```

## Preliminary Statement

This memorandum of law is submitted on behalf of Plaintiff Jeffrey Theodat in Opposition to the Motion for Summary Judgment by defendants the City of New York and Police Officers Joel Crooms, Dalsh Veve, and Christopher McDonald. Plaintiff was arrested on May 25, 2015 by the defendant officers allegedly because the plaintiff was smoking a marijuana cigarette in public. Plaintiff, however, denies that he was smoking a marijuana cigarette, and the District Attorney's Office declined to prosecute the plaintiff. Defendants' motion for summary judgment improperly relies only upon the defendants' version of events. Relying upon plaintiff's version of facts, as is required when evaluating defendants' motion, conclusively establishes that the defendants' motion must be denied as there was no probable cause to arrest or prosecute plaintiff for allegedly smoking a marijuana cigarette in public.

## FACTUAL BACKGROUND

On May 24, 2015, plaintiff Jeffrey Theodat was attending a Memorial Day barbeque and party at his neighbor's house on East 46th Street in Brooklyn, New York. During the early morning on May 25, Theodat left the party and began walking in the direction of his car. Theodat's car was

1

parked on East 46th Street in front of Jahneiro Plummer's house, which was one driveway over from the party. Declaration of Jeffrey Theodat ("Theodat Dec") at ¶ 2.

Theodat was not on the corner of East 46th Street and Avenue D, was not smoking a marijuana cigarette (or a regular cigarette) while walking on East 46th Street, did not throw or discard a marijuana (or regular) cigarette on the ground while on East 46th Street, and did not smell any marijuana in the air during my walk or encounter with the police.. Theodat Dec at ¶ 3.

As he walked along the sidewalk on East 46th Street, Theodat noticed Jahneiro Plummer on his property. Theodat approached Plummer to say hi, while Plummer walked toward Theodat at the same time. Theodat and Plummer met on Plummer's driveway, at which time they fistpumped (i.e, they touched fists together). Right after the fistpump, Plummer pointed behind Theodat. In response, Theodat turned and saw three men approaching. Theodat Dec at ¶ 4.

The three men, who were later identified as the defendants, were dressed in civilian clothes and came out of an unmarked car. The three men grabbed Theodat and Plummer and began to push the two into Plummer's property. Theodat was grabbed by Officer Crooms, who forcefully twisted Theodat's left arm to turn Theodat, and then Officer Crooms pushed Theodat toward Plummer's porch. One of the three men asked what we were doing, and Theodat and Plummer responded that they were just coming from the party next door. The officers did not identify themselves as police officers. Theodat Dec at ¶ 5.

After pushing Theodat and Plummer closer to the porch, the officers began to search Theodat and Plummer. Theodat was searched by Officer Crooms, and the search revealed no contraband on Theodat's person. The officers then began a wide search of the area on Plummer's property. Officer Croom searched areas including Plummer's driveway. Nothing was found in any area where Theodat was standing or where he had walked previously. Theodat Dec at ¶ 6.

After the officers completed their search, they huddled away from Theodat and Plummer, during which it appeared that they had a conversation. The officers then returned to Theodat and Plummer and indicated that they both were under arrest. Theodat asked the officers why he was being arrested, but the officers did not respond. Theodat Dec at ¶ 7.

Officer Crooms then forcefully turned Theodat so Theodat's back was to him, grabbed Theodat's left arm and twisted it behind his back as handcuffs were applied. Theodat was then placed in the back seat of the unmarked car. Plummer was also placed under arrest and placed in the back seat of the unmarked car. Theodat Dec at ¶ 8.

## ARGUMENT

### STANDARD OF REVIEW

A party is entitled to summary judgment only where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, (1986). "The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment." Tsesarskaya v. City of New York, 843 F. Supp. 2d 446, 453 (S.D.N.Y. 2012). Summary judgment can be defeated by "'cit[ing] to particular parts of materials in the record' to show that 'a fact . . . is generally disputed.' In evaluating the record to determine whether there is a genuine issue as to any material fact, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" Id. (internal citations omitted).

## POINT I

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THEODAT'S FALSE ARREST CLAIM MUST BE DENIED BECAUSE THERE IS A DISPUTE ABOUT WHETHER PROBABLE CAUSE EXISTED TO ARREST PLAINTIFF

Defendants move for summary judgment on Theodat's False Arrest claim, asserting that the facts as viewed by the defendants indicates that there was probable cause to arrest plaintiff. Alternatively, defendants argue that there was "arguable probable cause" to arrest plaintiff under those same set of facts. Defendants arguments rely solely upon their own version of events, all of which are disputed by Theodat, a fact that defendants note in their memorandum of law (in an opaque and whitewashed manner) but then ignore in their analysis.[1] Relying upon Theodat's version of events, which is required when evaluating a motion for summary judgment, there was no probable cause or arguable probable cause to arrest, and thus defendants' motion must be denied.

To establish a false arrest claim, a plaintiff must show that: (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was aware of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). The confinement is "privileged" or "justified" when there is probable cause for the arrest. Savino, 331 F.3d at 76. Typically, probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004)(quotation marks and citation omitted).

---

[1] See Defendants' Memorandum of Law in Support of their Motion for Summary Judgment at pg. 6 ("Plaintiff offers only his say-so that he did not have anything on him or otherwise was unaware that marijuana was found at the scene, which is not enough to show a dispute of material fact to survive summary judgment.")

4

Defendants do not contest that criteria (1)-(3) are satisfied, but argue that there was probable cause to arrest Theodat and thus criteria (4) is not satisfied. However, defendants did not have probable cause to arrest plaintiff. Defendants state that Officer Crooms approached Theodat at the northeast corner of 46th Street and Avenue D, where Theodat was smoking some type of cigarette. See Defendants' Memorandum of Law in Support of their Motion for Summary Judgment ("Defendants' Memo") at pg. 6. Defendants state that Officer Crooms witnessed Theodat drop the cigarette on the ground as Crooms approached, and that Theodat was alone on the corner of 46th Street and Avenue D at this time when he was arrested. Id. Defendants state that the cigarette that Theodat dropped to the ground was tested and found positive for marijuana. Id. Given all this, defendants claim that there was probable cause to arrest plaintiff for knowingly and unlawfully possessing marijuana in a public place.

All of these alleged facts relied upon by the defendants as the basis for probable cause are disputed by plaintiff. Instead, Theodat affirms that he was walking along East 46th Street (not at the corner of 46th and Avenue D) when he stepped onto the property of his neighbor Jahneiro Plummer to say hi. Theodat denies that he was smoking a marijuana cigarette (or any cigarette) while walking along East 46th Street, denies dropping any marijuana cigarette, and denies smelling any marijuana in the air. After Theodat and Plummer "fistpumped", the three defendant officers seized Theodat and Plummer, pushed them further onto Plummer's property, and then searched both Theodat and Plummer. The search of Theodat revealed no contraband. The officers then searched Plummer's property but did not locate anything where Theodat was standing or where he walked previously. Theodat and Plummer were then placed under arrest together. Theodat had no contraband and did not possess or smoke any marijuana in public.

When there is a dispute of material facts, the Court must assume the facts of the party against which summary judgment is sought when evaluating the motion. Thus, the Court must use plaintiff's version of facts when evaluating this motion. Using plaintiff's facts, there is no basis for an officer to find that plaintiff possessed marijuana, as Theodat specifically controverts all the assertions relied upon by defendants to support their claim of probable cause. When there is a dispute about material facts regarding the existence of probable cause, the issue is to be decided by a jury. See Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997) ("Where the question of whether an arresting officer had probable cause is predominantly factual in nature, as where there is a dispute as to the pertinent events, the existence vel non of probable cause is to be decided by the jury.")

Similarly, defendants rely upon the same set of facts asserted by Officer Crooms to argue that there was "arguable probable cause" and thus they would be entitled to qualified immunity from plaintiff's false arrest claim. See Defendants' Memorandum of Law at pg. 8.[2] For the same reasons set forth above, the Court must rely upon plaintiff's version of events when evaluating whether summary judgment should be granted on the basis of qualified immunity. Given that plaintiff disputes all the facts asserted by defendants, an objectively reasonable officer faced with the facts set forth by plaintiff would not believe that there was probable cause to arrest plaintiff. Thus, there is no "arguable probable cause" that plaintiff possessed marijuana and thus qualified immunity is not appropriate.

---

[2] "It was 'objectively reasonable' for Officer Crooms to arrest plaintiff for any number of marijuana offenses based on the factual circumstance available to him at the time of the arrest - namely, that Officer Crooms smelled marijuana as he drove down East 46th street, he saw plaintiff at the corner put a cigarette in his mouth, approached plaintiff and from 1-2 feet away smelled a strong odor of marijuana, and observed plaintiff drop a cigarette that was vouchered and tested positive twice for marijuana."

Thus, for these reasons, Theodat's false arrest claims under both Federal and State law must proceed.[3]

## POINT II

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THEODAT'S MALICIOUS PROSECUTION CLAIM MUST BE DENIED

Defendants move for summary judgment on Theodat's Malicious Prosecution claim, asserting that there was probable cause for the criminal proceeding (for the same reasons as set forth above) and that the criminal proceeding did not end in plaintiff's favor. Defendants also argue that plaintiff's Federal Malicious Prosecution claim (but not his state) must be dismissed because plaintiff was not "seized" for Fourth Amendment purposes because he appeared for only one criminal proceeding. These arguments must be denied. Initially, for the reasons set forth above, defendants did not have probable cause to arrest plaintiff. Additionally, defendants have not demonstrated that the dismissal of plaintiff's criminal charges were not inconsistent with his innocence.

To establish a claim for malicious prosecution, a plaintiff must show that: (1) defendant initiated and continued a criminal proceeding against him; (2) the proceeding terminated in plaintiff's favor; (3) there was no probable cause for the proceeding; and (4) the defendant commenced the criminal proceeding with malice. Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997). Additionally, to set forth a malicious prosecution claim in federal court, the plaintiff must also show that he suffered "a sufficient post-arraignment liberty restraint to implicate [his] Fourth Amendment rights." Rohman v. N.Y. City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000).

---

[3] As set forth in Point V, both State and Federal claims of false arrest have the same elements and thus, for the same reasons, defendants' request to dismiss both the State and Federal false arrest claims fail for the same reason.

Defendants initially argue that the malicious prosecution claim must be dismissed because the criminal proceeding did not end in plaintiff's favor.[4] For this argument, defendants rely upon a document purportedly from the Kings County District Attorney's Office pertaining to plaintiff's criminal proceeding, which stated that the DA's office declined to prosecute "in the interests of justice" despite evidence supporting the charges. This document is inadmissible hearsay as it is an out of court statement that defendants seek to admit to prove the truth of the statements contained in it, and has not been offered by an affidavit from a witness with personal knowledge regarding the document. Thus, the document cannot be considered when evaluating defendants' summary judgment motion.

Even if the document was admissible, it does not indicate that the termination did not end in plaintiff's favor. Rather, as the Second Circuit has held, dismissals of prosecution "in the interest of justice" must be evaluated on a case by case basis to determine whether the "reasons for dismissing the criminal charges were not inconsistent with the innocence of the accused." See Stampf v. Long Island R.R., 761 F.3d 192, 201 (2d Cir. 2014) quoting Cantalino v. Danner, 96 N.Y.2d 391, 392 (2001). In rejecting an argument that a dismissal in the interest of justice indicates that the decision was not in favor of the accused, Stampf noted that "cases that most lack substance are most likely to be abandoned by the prosecution without pursuing them to judgment." Stampf, 761 F.3d at 201. Here, there is no evidence indicating what, if any, investigation was done by the District Attorney's Office into the specifics of the case. Instead, it appears that the document is a form document as it refers to a criminal charge (PPL 221.05) that plaintiff was not charged with, refers to a standing policy against prosecuting such charges as the basis for dismissal, and it is not

---

[4] Defendants do not dispute that the Desk Appearance Ticket that plaintiff was issued commences a criminal proceeding for purposes of a malicious prosecution claim. See Stampf v. Long Island R.R., 761 F.3d 192, 199 (2d Cir. 2014).

8

signed. Given all these factors, it is a question of fact whether the reasons for declining to prosecute were not inconsistent with the innocence of the accused, and thus summary judgment is inappropriate.

Additionally, while defendant argues that there was probable cause to initiate the criminal proceedings, their argument again relies solely upon the defendants' own version of facts. See Defendants' Memorandum of Law at 13. Given, as demonstrated above, that plaintiff's version of facts indicates that there was no probable cause to arrest, then probable cause to initiate the criminal proceeding is also lacking. Finally, the absence of probable cause to initiate the criminal proceedings satisfies the malice component. See Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996) (malice means that the "defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served" and "malice may be inferred from the lack of probable cause.")

In order to set forth a federal claim of malicious prosecution, plaintiff must show some deprivation of liberty consistent with a "seizure" in violation of the Fourth Amendment arising from the initiation or pendency of judicial proceedings. Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir. 1997)("[s]ince the gist of a claim for malicious prosecution is abuse of the judicial process, a plaintiff pursuing such a claim under § 1983 must show that the seizure resulted from the initiation or pendency of judicial proceedings.") What constitutes a seizure in this context appears to be unclear in the Second Circuit. Compare Burg v. Gosselin, 591 F.3d 95, 98 (2d. Cir. 2010), Swartz v. Insogna, 704 F.3d 105, 112 (2d Cir. 2013) and Faruki v. City of New York, 517 Fed. Appx. 1, 2, 2013 U.S. App. LEXIS 2619, **3 (2d Cir. 2013). This issue was discussed in depth in Oxman v. Downs, 2014 U.S. Dist. LEXIS 20714, *21-27 (E.D.N.Y 2014), without any specific resolution of the issue. However, the Second Circuit in Swartz held "[w]e have consistently held that a post-

9

arraignment defendant who is obligated to appear in court in connection with [criminal] charges whenever his attendance [i]s required suffers a Fourth Amendment deprivation of liberty." 704 F.3d at 112 (changes in original, quotation marks omitted). As plaintiff here was required to appear in court once because of the initiation of criminal charges against him by the defendants, plaintiff has suffered a sufficient deprivation of liberty to set forth a Federal malicious prosecution claim.

## POINT III

### PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST PROCEED

Defendants move for summary judgment on plaintiff's failure to intervene claim, specifically arguing that the failure to intervene claim should be dismissed because there was probable cause for the arrest. See Defendants' Memorandum of Law at pg 8-9. For the reasons set forth above, i.e., that Theodat's version of material facts regarding his arrest establishes that there was no probable cause, defendants' argument on that basis must be denied. As defendants do not raise any other argument seeking dismissal of the failure to intervene claim, the failure to intervene claim must proceed.

Every police officer "has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers." O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988). Any officer who fails to intervene when that officer knows or has reason to believe that a citizen has been unjustifiably arrested, or their rights otherwise violated, is liable for the preventable harm. See Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).

Here, defendants argue that there was no duty to intervene because there was probable cause and thus no false arrest. Again, however, defendants rely only upon the testimony of Officer

10

Crooms and do not credit Theodat's version of events. Under plaintiff's version of material facts, a duty to intervene attached to the other defendants to prevent the constitutional violations of plaintiff by Officer Crooms. Given that it is undisputed that Officers McDonald and Veve did nothing to intervene to stop this preventable harm, plaintiff's failure to intervene claim must proceed.

## POINT IV

### PLAINTIFF'S EXCESSIVE FORCE CLAIM MUST PROCEED

In their motion for summary judgment, defendants argue that plaintiff's excessive force claim should be dismissed because the defendants' version of facts indicates that there was probable cause to effectuate the arrest and thus the force used was appropriate as it was incident to the arrest. See Defendants' Memorandum of Law at 15. Plaintiff's version of facts indicates that the defendants had no reasonable basis to arrest or even approach him that evening. Thus, as there was no reasonable basis to effectuate the arrest, the use of force (including forcefully putting plaintiff in handcuffs, causing plaintiff pain and injury) was objectively unreasonable and in violation of the Fourth Amendment. Defendants' request for summary judgment on plaintiff's excessive force claim must be denied.

In evaluating a use of force during an arrest, the excessive force standard is satisfied when "plaintiff can point to unreasonable intentional action taken that proximately caused the injury." Dancy v. McGinley, 843 F.3d 93, 118 (2d. Cir. 2016). Unreasonable action includes placing someone under arrest where there is no basis to believe that the individual committed any crime. See Mejia v. City of New York, 119 F. Supp. 2d 232, 282 (E.D.N.Y. 2000) ("where arresting

11

officers do not even have an objectively reasonable belief that probable cause exists … any use of force would be objectively unreasonable under the circumstances.")

Here, plaintiff's version of events indicates there was no basis to believe that he committed any crime, and thus it was unreasonable for defendants to place him under arrest or use force to effectuate the arrest. Theodat specifically denies all the allegations made by defendants regarding his arrest, including that he was smoking any type of cigarette, that he was in the location alleged by defendants, that defendants picked up a cigarette by his feet, that there was marijuana in the air, and that he was arrested alone as alleged by defendants. Under plaintiff's version of events, as must be accepted for purposes of this motion, defendants had no reasonable basis to arrest or even approach the plaintiff as he was merely walking along the street. In that situation, any use of force, even force that would be appropriate to effectuate an arrest if there was probable cause, is objectively unreasonable and thus violative of the Fourth Amendment. See, e.g., Mejia, 119 F.Supp.2d at 282 (finding that force that was generally reasonable if there was probable cause to arrest, such as pulling a suspect from the car, pat frisking, and painful cuffing, was objectively unreasonable and in violation of the Fourth Amendment because defendants had no probable cause or even objectively reasonable belief that plaintiff committed a crime).

Defendants attempt to distance themselves from Mejia by arguing that the Mejia court found that there was sufficient evidence for a jury to infer that the officers manufactured the evidence used against the Mejia plaintiff. This is actually a similarity to this case, as here it would be fair for a jury to determine that the defendants manufactured evidence of the marijuana cigarette to charge plaintiff, since plaintiff specifically denies all of the facts relied upon by the defendants, including that he possessed a marijuana cigarette. Thus, for the same reasons given in Mejia, the

use of force on plaintiff was in violation of the Fourth Amendment as there was no reasonable basis or probable cause to place plaintiff under arrest.

<u>City of Los Angeles v Mendez</u>, 137 S. Ct. 1539 (2017), cited by defendants, completely supports this finding. In <u>Mendez</u>, the Supreme Court stated that "[a]n excessive force claim is a claim that a law enforcement officer carried out an unreasonable seizure through a use of force that was not justified under the relevant circumstances." 137 S.Ct. at 1547. Here, a jury crediting plaintiff's version of events could find that the seizure of plaintiff, which was effectuated by use of force by defendants, was not justified under the circumstances, and thus would be a Fourth Amendment violation.

Defendants, citing <u>Mendez</u>, state that "plaintiff's argument is fundamentally flawed as a claim for excessive force does not necessarily follow a claim for false arrest." Defendants' memo at 16. While it is not entirely clear what defendants mean in that statement, plaintiff does not argue that a false arrest transforms a reasonable use of force during the arrest into a Fourth Amendment violation (although it does so as a matter of New York law, as set forth in Point V). Rather, the fact that the defendants had no reasonable basis to arrest (or even stop) plaintiff is a factor in determining whether the force was unreasonable under the circumstances, which is specifically what <u>Mejia</u> held when the Court noted that the force used would have been appropriate if there was probable cause but was inappropriate because there was no reasonable basis to apply it in that situation. <u>Mejia</u>, 119 F.Supp.2d at 282. <u>See</u> also <u>Graham v. Connor</u>, 490 U.S. 386, 396-97 (1989) (Fourth Amendment standard is whether the use of force was objectively reasonable under the totality of the circumstances).[5]

---

[5] Finding that it would be objectively reasonable in these circumstances would give implicit permission for law enforcement to conduct arrests without any probable cause as there would be no risk of liability. This is the exact reason why such behavior is deemed unacceptable.

13

Finally, defendants argue in some fashion that the force used was appropriate because it was de minimus or the injuries plaintiff sustained was de minimus. This argument is foreclosed by the rationale of Mejia, which found that a similar use of force and injuries sustained were sufficient to establish a Fourth Amendment violation. In any event, plaintiff alleges an injury from this incident as he claims unnecessary pain from the use of force, which is sufficient for a jury to determine that plaintiff was injured during the incident.

For all these reasons, defendants' request for summary judgment on plaintiff's excessive force claim must be denied.

## POINT V

### PLAINTIFF'S STATE LAW CLAIMS MUST PROCEED

Defendants seek dismissal of plaintiff's state law claims (of false arrest, malicious prosecution, and battery) for the same reasons that they seek dismissal of the federal claims, i.e., Officer Crooms' testimony that there was probable cause for the arrest. See Defendants' Memorandum of Law at 18. For the same reasons as set forth above, there is a dispute of material fact regarding the probable cause for the arrest that forecloses summary judgment on those claims. "The elements of false arrest and malicious prosecution under § 1983 are 'substantially the same' as the elements under New York law. Therefore, the analysis of the state and the federal claims is identical." Boyd v. City of New York, 336 F.3d 72, 75 (2d. Cir. 2003).[6] As there is a dispute about whether there was probable cause for the arrest, defendants request to dismiss the state law claims of false arrest and malicious prosecution fail for the same reasons discussed above.

---

[6] As addressed previously, the only distinction is the requirement in federal court to assert a liberty restraint of Fourth Amendment rights for a malicious prosecution claim. See Point II, above.

Similarly, with respect to plaintiff's battery claim, defendants again on rely on their prior argument and Officer Crooms' testimony. Defendants do not note that, under New York law, any force that is used during an arrest that is unlawful and without consent is a battery as a matter of law. See Rucks v. City of New York, 96 F. Supp. 3d 138, 152-153 (S.D.N.Y. 2015) (collecting cases). Thus, given that plaintiff's version of events indicates that there was no probable cause to arrest and that plaintiff did not consent to the arrest, defendants' request to dismiss the battery claim must also be denied.

## CONCLUSION

For the reasons set forth in this Memorandum of Law, defendants' motion for summary judgment should be denied, as well as other relief as the Court deems appropriate.

Dated: White Plains, New York
December 15, 2017

Respectfully submitted,

/s/ John Knudsen
JOHN E. KNUDSEN
Of Counsel
Sivin & Miller, LLP
20 Vesey Street, Suite 1400
New York, NY 10007