UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
JEFFREY THEODAT,

          Plaintiff,

  -against-                   **MEMORANDUM AND ORDER**
                                 1:16-cv-03977(FB)(SJB)
CITY OF NEW YORK, NYPD OFFICER
JOEL CROOMS, NYPD OFFICER
DALSH VEVE, NYPD OFFICER
CHRISTOPHER MCDONALD, and
JOHN DOES 1-2,

          Defendants.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff*                         *For the Defendant*
JOHN E. KNUDSON                EVAN F. JAFFE
Law Offices of John Knudson        New York City Law Department
PO Box 748                              100 Church St.
White Plains, NY 10602             New York, NY 10007

**BLOCK, Senior District Judge:**

      Plaintiff Jeffrey Theodat brings claims against the City of New York and New York Police Department ("NYPD") Officers Joel Crooms, Dalsh Veve, and Christopher McDonald under 42 U.S.C. § 1983 for false arrest, illegal search and seizure, malicious prosecution, excessive force, and failure to intervene, as well as state law claims for battery, false arrest, malicious prosecution, and *respondeat superior*. Defendants move for summary judgment. Defendants' motion is granted in part and denied in part.

# I

This case stems from Theodat's arrest for possession of marijuana on May 24, 2015. The parties disagree dramatically as to the events that led to his arrest.

According to the defendants, around 1:56 a.m., the three officers were driving down East 46th Street in the East Flatbush area of Brooklyn, New York, when they smelled marijuana. Officer Crooms then observed Theodat standing alone at the corner of Avenue D and East 46th Street putting what appeared to be a cigarette to his mouth. The officers approached and exited the car, and Officer Crooms saw Theodat drop the lit cigarette. He placed Theodat under arrest for criminal possession of marijuana in violation of New York Penal Law § 221.10. Theodat told Officer Crooms that his shoulder hurt but did not request any medical treatment.

The officers transported Theodat back to the 67th Precinct where they performed a field test on the cigarette, which yielded a positive result for marijuana. The NYPD laboratory also tested the cigarette and confirmed this result. Officer Crooms and McDonald processed the paperwork for Theodat's arrest and issued him a Desk Appearance Ticket for possession of marijuana. Theodat was released at 4:13 a.m.

Plaintiff contests virtually every detail of this story. He claims he was not on the corner of Avenue D and East 46th Street; instead, he was walking back from a Memorial Day barbeque and party on a different stretch of East 46th Street. He passed

the house of a friend, Jahneiro Plummer, and stopped to say hello. While standing in Plummer's driveway, the police officers approached from behind in plain clothes. Theodat was then grabbed by Officer Crooms, pushed onto Plummer's porch, and searched. Plummer was also grabbed and searched. When the search revealed no contraband, the officers began a wide search of the property. They then arrested both Theodat and Plummer but did not tell them why.[1] Officer Crooms forcefully turned Theodat, twisted his left arm behind him, and applied handcuffs. They were then taken to the station. Theodat denies having marijuana on his person at any point. In his opposition brief, he suggests it may have been "manufactured." Pl.'s Br. at 12.

The stories converge after these events. In a June 11, 2015 letter, the Kings County District Attorney's Office issued a decline to prosecute letter, stating "[a]lthough there is sufficient evidence to sustain the charge of PL 221.10 (or PL 221.05 if applicable), the People decline to prosecute in the interest of justice pursuant to the class B misdemeanor marihuana possession policy guidelines of the Kings County District Attorney's Office." Def.'s MSJ, Exh. H. Theodat went to the courthouse on June 22, 2015, but did not appear in front of a judge; instead, he visited the Kings County District Attorney's Office, where he learned of the decision not to

---

[1] Inexplicably, despite the presence of Plummer being a glaring contradiction between the two stories, neither party has provided any concrete evidence as to whether Plummer was present that night, though Theodat's arrest and complaint reports do not mention Plummer.

prosecute him.

On August 15, 2015, he filed a notice of claim against the City of New York, Officer Crooms and two John Doe officers arising out of the events described above. On July 18, 2016, he filed his complaint. On October 14, 2016, he amended the complaint to add Officers Veve and McDonald as defendants.

On December 29, 2017, defendants moved for summary judgment under Federal Rule of Civil Procedure 56, arguing that Theodat's sole evidence—his own declaration—is insufficient to create a material dispute of fact.

## II

A court may grant summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party is required to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

However, "a court must construe the evidence in the light most favorable to the nonmoving party, drawing all inferences in that party's favor." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on

4

summary judgment." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996).

A.  **False Arrest**

Defendants seek summary judgment on Theodat's federal and state law false arrest claims because they had probable cause for the arrest.

Probable cause to arrest "constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 92, 102 (2d Cir. 1994)) (internal citation omitted). Probable cause exists "when the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quoting *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993)).

Defendants argue that they had probable cause to arrest Theodat on the basis of the smell of marijuana and the marijuana cigarette. This argument depends on accepting their version of events, which is sharply disputed by Theodat. Defendants argue that they are so entitled because Theodat provides "only his say-so that he did not have anything on him . . . which is not enough to show a dispute of material fact to survive summary judgment." Def.'s Br. at 6.

Defendants' argument is foreclosed by *Curry v. City of Syracuse*, 316 F.3d 324 (2d Cir. 2003). In *Curry*, the plaintiff was arrested, among other reasons, for allegedly

reaching into his sock and throwing away a bag of crack cocaine. 316 F.3d at 327-28. The plaintiff denied doing so and denied ever having any drugs on his person. *Id.* at 328. Instead, he alleged the drugs produced by the police were planted. *Id.* He brought a false arrest claim and offered nothing but his own testimony as evidence. *Id.*

The Second Circuit held the plaintiff's testimony was sufficient to bar summary judgment because his statements that he never possessed drugs were "sufficient to raise a genuine issue of material fact as to whether [plaintiff] did in fact throw away a bag containing crack cocaine during his struggle with [the defendant officer]." *Id.* at 335-36. "If a jury were to believe [plaintiff's] testimony on this point and disbelieve [the officer's] testimony, it could not find that [the officer] had probable cause to arrest [plaintiff] for possession of a controlled substance." *Id.* at 336.

Similarly here, if a jury were to believe Theodat's testimony that he never possessed drugs, then the officers would have had no probable cause to arrest him. *See also Franks v. City of New York*, 2015 WL 3533721, at *5-6 (E.D.N.Y. June 4, 2015) (citing *Curry*, 316 F.3d at 336-37) (dispute as to whether plaintiff was smoking marijuana sufficient to defeat summary judgment on false arrest claim).[2]

---

[2] *Curry* also forecloses defendants' related argument that they should be entitled to qualified immunity because they had arguable probable cause. The Second Circuit rejected this argument in *Curry* for the same reason: If a jury believed the plaintiff's story, "no reasonable officer . . . would have believed it was lawful to arrest [him] for drug possession." *Curry*, 316 F.3d at 336.

6

In their reply, Defendants argue that the Court may disregard testimony that "is so contradictory and fanciful that it cannot be believed by a reasonable person . . . ." Def.'s Reply Br. at 1 (quoting *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 476 (S.D.N.Y. 2003), *aff'd*, 426 F.3d 549 (2d Cir. 2005)). However, they have not pointed to anything internally contradictory in Theodat's story, which is no more "fanciful" than the *Curry* plaintiff's nearly identical story. Because *Curry* directly controls, summary judgment on Theodat's false arrest claims must be denied.[3]

## B. Malicious Prosecution

Defendants seek dismissal of Theodat's malicious prosecution claims because the criminal proceeding against him did not terminate in his favor.

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law[.]" *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (internal citations omitted). "To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a

---

[3] The fact dispute regarding probable cause also precludes defendants' argument that probable cause bars Theodat's failure to intervene claim.

motivation for defendant's actions." *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 198 (2d Cir. 2014) (quoting *Manganiello*, 612 F.3d at 161).

"[D]ismissals by the prosecution 'in the interests of justice' . . . are generally considered not to be dispositions in favor of the accused." *Murphy v. Lynn*, 118 F.3d 938, 949 (2d Cir. 1997). However, they may be considered a favorable termination if "the court's reasons for dismissing the criminal charges were not inconsistent with the innocence of the accused." *Cantalino v. Danner*, 96 N.Y.2d 391, 392 (2001). Nonetheless, "dispositions inconsistent with innocence . . . cannot be viewed as favorable to the accused." *Stampf*, 761 F.3d at 201 (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 199 (2000)).

Here, the King's County District Attorney's Office dismissed the charges against plaintiff in a statement reading, "[a]lthough there is sufficient evidence to sustain the charge of PL 221.10 (or PL 221.05, if applicable), the People decline to prosecute in the interest of justice pursuant to the class B misdemeanor marihuana possession policy guidelines of the Kings County District Attorney's Office."[4] Def.'s MSJ, Exh. H. This

---

[4] Theodat argues this document is inadmissible hearsay; however, courts in this district have generally held that failure to prosecute letters are admissible based on the public records exception under Federal Rule of Evidence 803(8). *Brown v. City of New York*, 2013 WL 4713561, at *4 n.2 (S.D.N.Y. Aug. 27, 2013); *Davis v. City of New York*, 959 F. Supp. 2d 324, 351-52 (S.D.N.Y. 2013). Regardless, "it is for the one who brings the suit to establish that the criminal proceeding . . . terminated in favor of the accused," *O'Brien v. Alexander*, 101 F.3d 1479, 1487 (2d Cir. 1996) (quoting *Hollender v. Trump Vill. Coop., Inc.*, 58 N.Y.2d 420, 425-26 (1983)), and Theodat has provided no other evidence to

8

statement is inconsistent with the innocence of Theodat because it explicitly states that the District Attorney's Office had sufficient evidence to convict him. Therefore, Theodat cannot show that the proceedings terminated in his favor, and his malicious prosecution claims are dismissed.

## C. Excessive Force

Defendants seek summary judgment on Theodat's excessive force claim because the force applied during his arrest was reasonable.

"Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (quoting *Graham v. Conner*, 490 U.S. 386, 397 (1989)). "'The reasonableness of' the amount of force used thus 'must be judged from the perspective of a reasonable officer on the scene . . . at the moment' the force is used." *Rogos v. City of Hartford*, 796 F.3d 236, 246-47 (2d Cir. 2015) (quoting *Graham*, 490 U.S. at 396). "[T]he reasonableness test established in *Graham* remains the applicable test . . . including [in] those cases where officers allegedly lack probable cause to arrest." *Jones v. Parmley*, 465 F.3d 46, 62 (2d Cir. 2006).

Defendants argue that Theodat's failure to seek medical treatment for his injuries was evidence that their use of force was not excessive. However, while a plaintiff's

---

support this claim.

9

failure to "seek medical treatment for [his] injuries . . . may ultimately weigh against [him] in the minds of the jury in assessing whether the force used was excessive, this failure is not fatal to [his] claim." *Robison v. Via*, 821 F.2d 913, 924 (2d Cir. 1987). Theodat stated in his declaration that he "was grabbed by Officer Crooms, who forcefully twisted [his] left arm," Pl.'s Aff. ¶ 5, and that Officer Crooms later "forcefully turned [him] so [his] back was to [Officer Crooms], grabbed [his] left arm and twisted it behind [his] back as [Officer Crooms] applied handcuffs on [him]," *id.* ¶ 8. At his deposition, Theodat further stated that as a result, his "shoulder feels pain at certain times, but before the incident I had no problem, I didn't feel no pains, now if I do too much work involving my left shoulder, I feel it and my shoulder snaps, like cracks all the time," Def.'s Br. Exh. C, 92:8-12, and that when Crooms "was twisting me up, he messed—he tweaked my back also . . . I had other little sores and stuff, but those went away. But this is still lingering, my left shoulder," Def.'s Mot. Exh. C, 90:2-6.

    These injuries, though minor, could support a jury verdict that Officer Crooms applied unreasonable force while arresting Theodat. *See, e.g.*, *Maxwell v. City of New York*, 380 F.3d 106, 109 (2d Cir. 2004) (holding "a jury should assess" whether "use of force . . . sufficient to send pain into [plaintiff's] arm and lower back and leave her with a post-concussive syndrome" was excessive force); *Robison*, 821 F.2d at 923-24 (holding plaintiff's assertions that the police officer "'pushed' her against the inside of

the door of her car, 'yanked' her out, 'threw [her] up against the fender' and 'twisted [her] arm behind [her] back,'" sufficient to leave "bruises lasting a 'couple weeks'" were "sufficient to prevent the summary dismissal of a § 1983 claim for excessive force").

Therefore, Theodat's excessive force claim survives.[5]

### D.     Illegal Search and Seizure

Defendants argue that Theodat's illegal search and seizure claim under the Fourth Amendment must be dismissed because Theodat alleges no injury independent from his arrest, and "the abstract value of a constitutional right may not form the basis for § 1983 damages." *Swinton v. City of New York*, 785 F. Supp. 2d 3, 14 (E.D.N.Y. 2011) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986)).

In his opposition brief, Theodat makes no effort to defend this claim and does not point to any injury that would support it. "[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014). Theodat's failure to defend this claim indicates he has abandoned it. Regardless, he has failed to point to any evidence of an independent injury sufficient to support this claim, either here or elsewhere in his opposition or Rule

---

[5] Theodat's state law battery claim also survives. Under New York state law, if an arrest is unlawful, then the arresting offer "committed a battery when he touche[s] the plaintiff during that arrest." *Johnson v. Suffolk Cty. Police Dep't*, 665 N.Y.S.2d 440, 440-41 (2d Dept. 1997). Therefore, if the jury finds there was no probable cause, Theodat's arrest would be a battery as a matter of law.

11

56.1 statement. Therefore, this claim is dismissed.

**E.** *Respondeat Superior*

Finally, Theodat seeks *respondeat superior* relief on his state law false arrest and battery charges. "New York courts have held municipalities liable under a theory of *respondeat superior* for false arrest and assault and battery claims." *Graham v. City of New York*, 928 F. Supp. 2d 610, 626 (E.D.N.Y. 2013) (citing *Ackerson v. City of White Plains*, 702 F.3d 15, 22 (2d Cir. 2012)).

Defendants offer no reason to dismiss these claims except their arguments that the underlying claims should be dismissed. Because the Court rejects these arguments for Theodat's state law false arrest and battery claims, these claims may proceed against the City of New York.

## III

Theodat's malicious prosecution and illegal search and seizure claims are dismissed. His false arrest, excessive force, battery, failure to intervene, and *respondeat superior* claims survive.

**SO ORDERED**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 10, 2018