UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- x

JEFFREY THEODAT,

**DEFENDANTS' REQUEST TO CHARGE**

Plaintiff,

16-CV-3977 (FB) (JO)

- against -

THE CITY OF NEW YORK, NYPD OFFICER JOEL
CROOMS, NYPD OFFICER DALSH VEVE, NYPD OFFICER
CHRISTOPHER MCDONALD

Defendants.

---------------------------------------------------------------------------- x

Defendants Detective Joel Crooms, Detective Dalsh Veve, and Police Officer

Christopher McDonald, by their attorney ZACHARY W. CARTER, Corporation Counsel of the

City of New York, respectfully request, pursuant to Rule 51 of the Federal Rules of Civil

Procedure, that the Court give the following instructions to the jury:[1]

## SUBSTANTIVE LAW[2]

To recover on any or all of plaintiff's claims against the defendants, plaintiff must

prove by a preponderance of the evidence:

First, that the alleged incident happened as plaintiff claims, and that such conduct

deprived the plaintiff of a right protected by the Constitution of the United States, and Second,

---

[1] In accordance with the Court's Individual Rules and Practices, defendants limit their proposed request to charge to the elements of the claim, damages, and defenses. Defendants do not include general introductory or closing instructions.

[2] Defendants intend to rely on the defense of qualified immunity. As the Court in Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007), and Stephenson v. John Doe, 332 F.3d 68 (2d Cir. 2003) has held, the issue of qualified immunity is one for the Court to determine as a matter of law. Thus, defendants respectfully submit that the jury should not be charged on qualified immunity. Defendants also respectfully submit that special jury interrogatories may be used to permit the jury to resolve the disputed facts upon which the Court can then determine, as a matter of law, the ultimate question of qualified immunity.

that the conduct of the defendants was the proximate cause of the injuries and damages sustained by plaintiff.

I will now explain to you these two elements that plaintiff must prove by a preponderance of the evidence:

### First Element: Deprivation of a Right

Turning to the first element of the plaintiff's claims against the defendants, that is, that he was deprived of a federal right, the plaintiff must prove each of the following by a preponderance of the credible evidence:

First, that the defendants committed the acts as alleged by the plaintiff;

Second, that those acts as alleged by plaintiff caused the plaintiff to suffer the loss of a federal right;

Third, that, in performing the acts alleged, the defendant acted intentionally or recklessly.

I will now explain each of these elements to you.

You must first determine whether the defendants committed the acts as alleged by the plaintiff. The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right. A defendant in a § 1983 action may not be held liable merely because he holds a supervisory position or a position of high authority. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Thus, in order for the plaintiff to prevail on his claims, there must be some evidence of personal involvement by the defendant. Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts. Therefore, you must first make a determination of personal involvement by the defendants for

the constitutional violations alleged by the plaintiff.  If you find that a defendant was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for the defendant on that alleged violation.  If, however, you find that a defendant was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on to determine whether the plaintiff has proven the other elements of his claims regarding the deprivation of his constitutional rights against that defendant.  Although there are three defendants in this case, each defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other defendant.

Second, if you determine that a defendant committed the acts as alleged by the plaintiff, you must determine whether those acts caused the plaintiff to suffer the loss of a federal right.

Third, the plaintiff must establish that the defendant acted intentionally or recklessly.  An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether a defendant acted with the requisite state of mind, you should remember that, while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to rely on your understanding of what was done, what the people involved said was in their minds, and your belief or disbelief with respect to those facts and statements.

### Second Element: Proximate Cause

The second element which the plaintiff must prove by a preponderance of the credible evidence is that the defendants' acts were a proximate cause of the injuries sustained by

- 3 -

the plaintiff.  Proximate cause means that there must be a sufficient causal connection between a defendant's acts or omissions and an injury or damage sustained by the plaintiff.

A proximate cause need not always be the only cause either in time or space. There may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.

Put another way, a defendant is not liable if the plaintiff's injuries were caused by conduct independent of the defendant's acts or omissions or if such conduct produced a result which was not reasonably foreseeable to the defendant.

### FALSE ARREST[3]

Plaintiff alleges that he was falsely arrested by defendants Detective Joel Crooms, Detective Dalsh Veve, and Police Officer Christopher McDonald under federal law.  Defendants deny this claim and assert that there was probable cause to arrest plaintiff.

Federal law provides that no person may be arrested without probable cause.[4]  Let me explain what "probable cause" means.  Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been, is being committed, or is attempting to be committed by the person to be

---

[3] Defendants respectfully submit that because the elements of false arrest under state law are duplicative of the federal charge, the jury should not be given a separate state law charge.  To do so would only be confusing.  See, e.g., Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992) (the elements for plaintiff's state law false arrest claim are identical to her federal false arrest claim).

[4] Cook v. Sheldon, 41 F.3d 73, 78 (2d Cir. 1994).

arrested.[5]  Defendants have the burden of proving the existence of probable cause.  Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts known to the defendants at the time of the arrest of plaintiff.[6]  You are not to view the question of probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances appeared to the officers at the time.[7]

Probable cause requires only the probability of criminal activity; it does not require an actual showing of criminal activity.[8]  In other words, the arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[9]  An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[10]  An officer need not have been convinced beyond a reasonable doubt that a criminal offense was being, had been or is about to be committed.  Thus, the ultimate disposition of the criminal charge against plaintiff, whatever it may have been, is irrelevant to this question.[11]

The existence of probable cause is measured at the moment of arrest, not based on later developments.[12]  You are not to view the question of probable cause from a position of calm, reflective hindsight, but from a position of how the circumstances appeared to the officers

---

[5] Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

[6] Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).

[7] Ali v. City of New York, No. 11 Civ. 5469 (LAK), 2012 U.S. Dist. LEXIS 126233, at *14 (S.D.N.Y. Sept. 5, 2012).

[8] Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).

[9] Michigan v. DeFillippo, 443 U.S. 31, 36 (1979); Pierson v. Ray, 386 U.S. 547, 555 (1967).

[10] Id.

[11] Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996).

[12] Taken from the instructions given by the Hon. Judge Lewis A. Kaplan in the case of Manigault v. Brown, 11 Civ. 4307 (LAK) (S.D.N.Y. – delivered on July 18, 2012).

at the time.[13]   Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officer's shoes, the actual subjective beliefs of the officer are irrelevant to the determination of probable cause.[14]   Once a police officer has a reasonable basis to believe there is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.[15]

Once officers possess facts sufficient to establish probable cause, they are neither required, nor allowed to sit as prosecutor, judge or jury.  Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence.[16]   An officer also has no duty to investigate any claims of innocence by a plaintiff, and, if an officer ignored any statements of innocence by the plaintiff or the plaintiff's witnesses, that does not defeat probable cause.[17]   Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information.[18]

The existence of probable cause is not measured by the strict standards required for a criminal conviction.  An officer need not have been convinced beyond a reasonable doubt at the time of an arrest that a criminal offense has been, is being committed, or is attempting to be committed by the person to be arrested.  Probable cause only requires a fair probability that an

---

[13] Taken from the instructions given by the Hon. Judge Lewis A. Kaplan in <u>Manigault v. Brown</u>, 11 Civ. 4307 (LAK); <u>see also</u> <u>Maryland v. Pringle</u>, 540 U.S. 366, 371 (2003).

[14] <u>Whren v. United States</u>, 517 U.S. 806, 812-813 (1996).

[15] <u>Baker v. McCollan</u>, 443 U.S. 137, 145-46 (1979); <u>Panetta</u>, 460 F.3d at 395.

[16] <u>Krause v. Bennett</u>, 887 F.2d 362, 372 (2d Cir. 1989).

[17] Taken from the instructions given by Hon. Judge Andrew J. Peck in <u>Tsesarskaya v. City of New York</u>, <u>et al.</u>, No. 11 Civ. 4897 (S.D.N.Y. – delivered on June 13, 2012).

[18] <u>Bernard v. U.S.</u>, 25 F.3d 98, 102 (2d Cir. 1994).

offense has been, is being committed, or is attempting to be committed.  There need not have been evidence proving each of the elements of the offense at the time the officer made the arrest.[19]

Moreover, it is not necessary that the officer had probable cause to arrest plaintiff for the offense(s) with which he eventually charged the plaintiff, so long as the officer had probable cause to arrest plaintiff for any criminal offense.  An arrest made with probable cause for any offense – whether charged or not – is lawful.[20]

Defendants assert that probable cause existed to arrest plaintiff for the following offenses:

Criminal possession of marijuana in the fifth degree, under Penal Law § 221.10(1): A person is guilty of criminal possession of marijuana in the fifth degree when he knowingly and unlawfully possesses marijuana in a public place, as defined in section 240.00 of this chapter, and such marijuana is burning or open to public view.

Unlawful possession of marijuana, under Penal Law § 221.05: A person is guilty of unlawful possession of marijuana when he knowingly and unlawfully possesses marijuana. "Possess" means to have physical possession of or otherwise to exercise dominion or control over tangible property.  A person knowingly possesses marijuana when that person is aware that he is in possession of a substance.[21][22]

---

[19] This paragraph has been taken from the instructions given by the Hon. Judge Lewis A. Kaplan in Manigault v. Brown, 11 Civ. 4307 (LAK) (citing Devenpeck v. Alford, 543 U.S. 146, 152-3 (2004); DeFillippo, 443 U.S. at 36; United States v. Ginsburg, 758 F.2d 832 (2d Cir. 1985).

[20] This paragraph has been adapted from the instructions given by the Hon. Judge Brian M. Cogan in the case of Spero v. Tudor, 11 CV 4850 (BMC) (E.D.N.Y. – delivered on October 11, 2012); see also Devenpeck v. Alford, 543 U.S. 146, 153 (2004).

[21] This paragraph has been adopted from the instructions given by the Hon. Judge Lewis A. Kaplan in the case Manigault, 11 CV 4307 (LAK).

Littering, under New York City Administrative Code § 16-118(a): No person shall litter, sweep, throw or cast, or direct, suffer or permit any servant, agent, employee, or other person under his or her control, to litter, sweep, throw or cast any ashes, garbage, paper, dust or other rubbish and refuse of any kind whatsoever, in or upon any street or public place, vacant lot, air shaft, areaway, backyard court, park, or alley.

With regards to these offenses, you must also consider whether there was probable cause to arrest plaintiff for an attempt of any of these offenses under Penal Law § 110.00. A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.[23]

I instruct you further that the law recognizes what is called the fellow officer rule. Under the fellow officer rule, an arrest by an officer who himself lacks probable cause to make the arrest is lawful as long as other officers initiating the arrest or involved in the investigation have sufficient information to form the basis for probable cause. This is so because modern police work can be complex. Officers often do not work all alone. Not every officer always can be aware of every aspect of an investigation. Hence, in determining whether there is a legal basis for an arrest – in other words, probable cause – the law looks to the information known to all law enforcement authorities who are cooperating in an investigation. The knowledge of each of the officers is presumed known to all.[24]

If you find that probable cause existed for any one of the offenses I just described, or an attempt of those offenses, then you must find in favor of the defendants with respect to

---

[22] Defendants reserve the right to amend this portion of their proposed charged depending upon how the evidence comes in a trial.

[23] Penal Law § 110.00.

[24] This paragraph has been adopted from the instructions given by the Hon. Judge Lewis A. Kaplan in the case Manigault, 11 CV 4307 (LAK).

plaintiff's false arrest claim.  Keep in mind, you do not need to be unanimous as to which crime you find probable cause, only that you are unanimous that probable cause existed for any crime.[25]

## **FAILURE TO INTERVENE**

Plaintiff also claims that Detective Dalsh Veve and Officer Christopher McDonald failed to intervene to stop Detective Joel Crooms from subjecting him to an arrest without probable cause.  You are not to consider this claim unless you first find that plaintiff has proven by a preponderance of the evidence that at least one of the defendants is liable for violating plaintiff's constitutional rights to be free from false arrest.

With respect to the failure to intervene claim, all police officers have an affirmative duty to intervene to protect the constitutional rights of individuals from infringement by other police officers in their presence.  This means that if a police officer, although not directly violating an individual by falsely arresting him, witnesses another police officer falsely arresting that person, that police officer has an affirmative duty to stop the violation.  His failure to do so would make him liable for the preventable harm proximately caused by the other officer's false arrest.

This duty only arises, however, if the police officer has a realistic opportunity to intervene to prevent the violation from occurring.  In other words, if you find that the police officer did not have sufficient time to intervene on the individual's behalf, then you should not hold that police officer liable for failing to intervene.

---

[25] This paragraph has been adapted from the instructions given by the Hon. Judge Brian M. Cogan in Spero, 11 CV 4850 (BMC).

Thus, before you can hold any defendant liable under plaintiff's failure to intervene claim, you must conclude that plaintiff has proven by a preponderance of the evidence the following elements:

First: that one of the defendants falsely arrested plaintiff;

Second: that another defendant observed the false arrest and knew it was unlawful;

Third: that the defendant observing the false arrest had a realistic opportunity to intervene, as I have described that phrase; and

Fourth: that the defendant observing the false arrest failed to take reasonable steps to prevent the false arrest.

If plaintiff has not proven these elements, you must find for defendants on this claim.

## EXCESSIVE FORCE[26]

The plaintiff alleges that defendant Detective Joel Crooms violated his Fourth Amendment rights by using excessive force.   Defendant disputes plaintiff's version of events, and contends that his actions were justified, reasonable under the circumstances, and in accordance with the existing law.  Therefore, you must first determine whose version of events you believe.

---

[26] Defendants oppose the jury being charged on plaintiff's state law claim of battery as said claim is duplicative of plaintiff's excessive force claim.  See Castro v. County of Nassau, 739 F. Supp. 2d 153, 178, n.17 (E.D.N.Y. 2010) (same standard applies for § 1983 excessive force claim and state law battery claim); see also Tianshu Li v. United States, No. 05 Civ. 6237 (NRB), 2009 U.S. Dist. LEXIS 96945, at *5, n.2 (S.D.N.Y. Oct, 8, 2009) ("As against law enforcement personnel, assault and battery claims under New York law parallel the Fourth Amendment standard governing the use of force incident to a lawful arrest.") (citation omitted).  If however, this Court chooses to charge the jury on plaintiff's state law claim for battery, defendants are prepared to supplement their proposed charge to include language for the claim.

In order to find for plaintiff on this claim, you must find three (3) things: first, that he suffered a physical injury; second, that the injury suffered was proximately caused by the intentional actions or conduct of defendant, and no one else, directed at the plaintiff; and third, that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances.

Even if you find that there was some forcible contact between the plaintiff and the defendant, that mere fact would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights.[27]   In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous.   That means that "evil intentions" will not be considered excessive force if the force that was used was in fact reasonable.[28]   In other words, a police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.[29]

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer.   On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.   You must determine: 1) whether there was any force used against the plaintiff; 2) if there was force used against the plaintiff, whether the force was used by the defendant; and 3) if the defendant used force against the plaintiff, whether the

---

[27] See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

[28] See Graham, 490 U.S. at 397; Anderson v. Branen, 17 F.3d 552, 559 (2d Cir. 1994); Kash v. Honey, 38 Fed. Appx. 73, 76 (2d Cir. 2002).

[29] Adapted from the instructions given by Hon. Brian M. Cogan in Ivan Kimbrough v. Detective John R. Nixon, et al., 10 CV 1088 (E.D.N.Y.); see also instructions given by Hon. Judge Andrew L. Carter in Thomas v. City of New York, et al., 09 CV 3162 (S.D.N.Y. – delivered on July 5, 2012).

force was unnecessary, unreasonable, or excessively violent.  Force is unnecessary, unreasonable or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[30]  In determining whether the constitutional line has been crossed, you must analyze the totality of the circumstances.[31]  In making this determination, you may take into account such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant you are considering or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight.[32]  Although the severity of plaintiff's alleged injuries is not determinative, it is relevant to the consideration of whether there was force used and, if so, whether the alleged force was reasonable.

Now the Constitution must not be trivialized, the use of force is not uncommon or unusual in the course of restraining an individual.  Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[33]  Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest or stop and frisk, and an officer cannot be held liable for every such incident.[34]

You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.  They must make split-second

---

[30] Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 Civ. 4146 (EDNY).

[31] Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014) (citing Graham, 490 U.S. at 396).

[32] Taken from the instructions given by Hon. Paul A. Engelmayer in Diaz, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

[33] Graham, 490 U.S. at 396.

[34] Adapted from the instructions given by Hon. Judge Barbara S. Jones in Pope v. Buttner, 10 CV 4118 (S.D.N.Y. – delivered March 7, 2012); and instructions given by Hon. Judge Andrew J. Peck in Tsesarskaya v. City of New York, et al., 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

judgments about their actions and about the amount of force that is necessary in a particular situation.[35]   The question is only whether the officer's actions are objectively reasonable in light of all the facts and circumstances confronting him.  In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[36]

Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[37]   You are not to consider the officer's underlying intent or motivation.[38]   I also instruct you that negligence does not violate the Fourth Amendment. Therefore, you should not consider whether or not the police officer may have negligently or carelessly created an otherwise objectively reasonable need to use force.[39]

Defendant Detective Joel Crooms denies that he subjected the plaintiff to excessive force.  Therefore, you must first determine whether the plaintiff has proven by a preponderance of the evidence that the acts alleged by him took place.  If your answers are no, then your deliberations are over and you must bring back a verdict for the defendant on this

---

[35] Taken from the instructions given by the Hon. Judge Tucker L. Melançon in Fryar v. Zhen, et al., 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).

[36] Taken from the instructions given by the Hon. Judge Brian M. Cogan in Gilliard v. Kibel, et al., 10 CV 5247 (E.D.N.Y. – delivered on January 5, 2012); see also instructions given by Hon. Judge Fredric Block in Stanczyk v. City of New York, et al., 11 CV 0249 (E.D.N.Y. – delivered on March 19, 2013).

[37] See instructions given by Hon. Judge J. Paul Oetken in Choi v. Murdocco, 10 CV 6617 (S.D.N.Y. – delivered November 13, 2012).

[38] Graham, 490 U.S. at 396.

[39] See Daniels v. William Sylvesters, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); Coakley v. Jaffe, 2000 U.S. App. LEXIS 26073, at *2 (2d Cir. 2000); Solana v. New York City Dep't of Corr., 2012 U.S. Dist. LEXIS 161252, at *7 (E.D.N.Y. 2012) (ARR).

claim.  If your answers are yes, then in determining whether the acts of the defendant caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.

## DAMAGES

### General Instructions[40]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of his claims for relief, you must then decide if he suffered any injuries as a result of the violation of his rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendants are liable to the plaintiff.

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages. I will explain the law concerning each of these types of damages to you.

### Compensatory Damages[41]

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of defendants.  These damages are

---

[40] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

[41] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants.  You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendants you have found liable.  That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by a defendant, and that are a direct result of conduct by a defendant that was a violation of plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at

issue here.  You may, however, compensate the plaintiff to the extent that you find that he was further injured by the defendants; violations of his rights.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

### Damages:  Multiple Claims

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury.  You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered.  But you should not compensate plaintiff for the same injury twice simply because you find a defendant liable for multiple claims.

### Nominal Damages[42]

If you return a verdict in the plaintiff's favor on his § 1983 claims but find that he failed to meet her burden of proving, by a preponderance of the credible evidence, that he suffered any actual injuries, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.[43]

---

[42] MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.03.1 (2005 Supplement).

[43] Nominal damages are equally proper with respect to plaintiff's battery claim.  Brutus v. Silverseal Corp., 2010 U.S. Dist. LEXIS 143798, at *4 (S.D.N.Y. Aug. 31, 2010) (nominal damages are appropriate on assault and battery claims); Meyers v. Epstein, 232 F. Supp. 2d 192, 199 (S.D.N.Y. 2002) (nominal damages are available in a battery case) (citing Brooker v. State, 206 A.D.2d 712, 614 N.Y.S.2d 640 (3d Dep't 1994)).

- 16 -

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[44] Therefore, if you find that the plaintiff has suffered no injury as a result of a defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

### Punitive Damages[45]

Plaintiff also seeks punitive damages in this case.  If plaintiff has proven by the preponderance of the evidence that a defendant is liable, then you may, but you are not required, to determine whether the plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you must find that the plaintiff has clearly established that the acts of the defendant causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others.  The purpose of punitive damages is to punish shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you find that plaintiff has clearly proven that the defendant acted so outrageously and evidenced such a degree of malice or callousness that an example and deterrent needs to be

---

[44] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

[45] Defendants maintain that the jury should not be instructed on punitive damages at this time. Although defendants contend that, after hearing the evidence, the Court will determine that no rational jury could find punitive damages against the defendants in this case, defendants propose the following language on punitive damages should the Court find that the charge is necessary.

provided to assure that the defendant and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.[46]

## Attorneys' Fees

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case.  The award of attorneys' fees in such circumstances is a matter to be determined by the Court.  Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay his attorneys.[47]

## Federal Income Tax

If you make any award of damages, such award may not be subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.[48]

**[REMAINDER OF THE PAGE LEFT INTENTIONALLY BLANK]**

---

[46] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

[47] Adapted from the instructions given by the Honorable Judge Lewis A. Kaplan in Manigault v. Police Officer Brown, et al., 11-CV-4307 (S.D.N.Y. – delivered on July 18, 2012).

[48] Taken from the instructions given in Gabriel Diaz v. Police Officer Lauren Diaz, 14 CV 4716 (S.D.N.Y. –February 3, 2016).

## **Damages: Final Word**

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

Dated: June 20, 2019
        New York, New York

ZACHARY W. CARTER
Corporation Counsel of
   the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
Tel:   (212) 356-0822


By: _____/s/_____
      Evan F. Jaffe
      *Assistant Corporation Counsel*