UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JEFFREY THEODAT,

                            Plaintiff,

                                                                                       16 Civ. 3977 (FB)(JO)

        - against -

THE CITY OF NEW YORK, Et Al.,

                            Defendants.
-----------------------------------------------------------------x

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

    Below are plaintiff's proposed jury instructions regarding the substantive elements of plaintiff's claims and damages.

## SUBSTATIVE CHARGES

## FALSE ARREST

    Under federal and state law, no person may be arrested (that is, detained) without probable cause for such an arrest. This means that the officer or officers who made the arrest must have possessed information at the time of the arrest that would lead a reasonable person who possessed the same official expertise as the officer to conclude that the person being arrested had committed or was about to commit a crime.

    The elements for a false arrest claim are the same under both state and federal law. For both, a false arrest claim is established when (1) the defendants intentionally confined the plaintiff; (2) the plaintiff was aware of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). The confinement is "privileged" or "justified" when there is probable cause for the arrest. Savino, 331 F.3d at 76.

Here, it is undisputed that on May 25, 2015, plaintiff was placed under arrest by defendants, knew that he was placed under arrest, and the arrest was without his consent, and thus the first three elements of the false arrest claim are satisfied. It is for you to decide, however, whether the defendants had probable cause to arrest the plaintiff that day.

As you heard from the testimony, Plaintiff was handcuffed and subsequently detained at the precinct for a period of _ hours. It is that period of time that is relevant to his false arrest claim.

Where, as here, the arrests were made without a warrant, the defendants have the burden of proving that the arrests were justified and supported by probable cause.[1]

What is probable cause?

Probable cause exists where, at the time of the arrest, the totality of the facts and the circumstances known to an arresting officer are sufficient to warrant an officer of reasonable prudence to believe that a crime has been or is being committed by the person arrested.

Probable cause requires more than a "mere suspicion" of wrongdoing,[2] and must be based on actual "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."[3] The defendants must prove that the information they had at the time of the arrest was sufficient to conclusively establish probable cause for the arrest.[4]

Defendants claim that there was probable cause to place plaintiff under arrest because he

---

[1] Snead v. Bonnoil, 166 NY 325 (1901); Broughton v. State, 37 NY2d 451 (1975)

[2] Mallory v. United States, 354 U.S. 449, 455 (1957)

[3] Walczy v. Rio, 496 F.3d 139, 156 (2nd Cir. 2007)

[4] Lawson v. New York City Housing Authority, 223 AD2d 532 (2nd Dept. 1996)

1

was smoking a marijuana cigarette in public.  Plaintiff disputes all the acts that defendants claim were the basis for probable cause.

You must determine whether the defendants have shown that in fact plaintiff did the acts alleged to have been the basis for probable cause to arrest.  If you determine that there is insufficient evidence indicating that plaintiff did the acts alleged, then defendants have not demonstrated that they had probable cause to arrest plaintiff, and plaintiff has established a false arrest claim.  If you determine that Plaintiff committed the acts alleged, then defendants have satisfied their burden and you must find in their favor.

Defendants assert that there was probable cause to arrest and charge plaintiff with the crime of criminal possession of marihuana in the fifth degree.  I am about to set forth the elements of this crime.  As I do, keep in mind this offense has a state of mind requirement.  That is, this offense requires Defendants to show not only that they had probable cause to believe Plaintiff had committed certain acts, but also that he did so with a specific state of mind, which is here that plaintiff knowingly undertook the acts alleged.  The elements of the crime of criminal possession of marihuana in the fifth degree for which Defendants claim they had probable cause to arrest Plaintiff are as follows:

A person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses:

1. marihuana in a public place, as defined in section 240.00 of this chapter, and such marihuana is burning or open to public view; or

2. one or more preparations, compounds, mixtures or substances containing marihuana and the preparations, compounds, mixtures or substances are of an aggregate weight of more than twenty-five grams.

To recap:  If Defendants prove by a preponderance of the evidence that there was probable cause to believe Mr. Theodat had committed the crime of criminal possession of marijuana in the

2

fifth degree at the time of the arrest, then the arrest was reasonable and Mr. Theodat's right to be free from unlawful arrest was not violated. But if Defendants fail to prove that there was probable cause for the arrest, then they violated Plaintiff's constitutional right to be free from unlawful arrest.

## EXCESSIVE FORCE

Plaintiff claims that the defendants violated his Fourth Amendment rights when the defendants used excessive force against him during his arrest. Defendants dispute this claim, instead claiming that they used an appropriate amount of force to arrest plaintiff.

In considering this claim, the first thing you must determine is whether Mr. Theodat has shown by a preponderance of the evidence that either defendant committed the acts alleged by Mr. Theodat.

If you determine that one or more of the defendants committed these acts, then you must consider whether plaintiff has shown by a preponderance of the evidence that the defendant's use of force was intentional or reckless. An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.

If you find that there was some forcible contact between plaintiff and one or more of the defendants, and that the defendant's use of force was intentional or reckless, you must consider whether the amount of force actually used was the amount of force a reasonable officer would have used in similar circumstances. The question is only whether the officers' actions were objectively reasonable in light of all the facts and circumstances confronting him at the time he used the force. In this regard, you are not to decide if the least amount of force was used, but rather you are only to decide if the force used was within the range of conduct identified as reasonable.

3

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer. On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.

The question for you is whether each use of force was reasonable under the totality of the circumstances known to the officers at the scene of the incident. When evaluating the totality of the circumstances, you should evaluate whether there was probable cause for the officers to arrest plaintiff, as the force used to arrest would be excessive if it is not justified under the circumstances.[5] If you were to find that there was no probable cause to arrest plaintiff, that fact could by itself indicate that the use of force was excessive.[6] If you find that the amount of force used was greater than a reasonable officer would have employed, plaintiff will have established the loss of a constitutional right.

Thus, if you find by a preponderance of the evidence that: (1) there was some forcible contact between the plaintiff and the defendants, (2) defendants' use of force was intentional or reckless, and (3) the amount of force used was greater than a reasonable officer would have utilized, then the plaintiff has satisfied his burden on this claim. If you find that Plaintiff has failed to prove any of the above elements, by a preponderance of the evidence, you must find for defendants on this claim.

---

[5] City of Los Angeles v Mendez, 137 S. Ct. 1539, 1547 (2017) ("[a]n excessive force claim is a claim that a law enforcement officer carried out an unreasonable seizure through a use of force that was not justified under the relevant circumstances.")

[6] Force that otherwise may be deemed relatively *de minimis* may be deemed excessive if the circumstances do not warrant **any** use of force. See, e.g., Mejia v. City of New York, 119 F. Supp. 2d 232, 282 (E.D.N.Y. 2000) [noting that where police officers lacked probable cause to arrest, "any use of force would be objectively unreasonable under the circumstances"].

4

## **BATTERY**

Plaintiff claims that the defendants committed battery against him when the defendants used force to arrest him because there was no probable cause to arrest, and because the force used was excessive.

A law enforcement officer who seeks to make a lawful arrest has the right to use as much force as he reasonably believes necessary in order to make the arrest, and can be held liable only if no force was necessary or if the force used was excessive.

Plaintiff claims that defendants, in the process of arresting him, forcibly grabbed him, twisted his left arm behind his back and then handcuffed him, causing him to sustain injury. Defendants admit using force against plaintiff but claim that they used only as much force as they reasonably believed necessary under the circumstances.

If you find that defendants did not have probable cause to arrest plaintiff, then you will find that defendants were not justified in using any force against plaintiff. In that event, you will find that defendants committed a battery against plaintiff and are liable for damages resulting from their acts.

If you find that defendants did have probable cause to arrest, you then must decide whether the force used by defendants during the course of plaintiff's arrest was reasonably believed by defendants to be necessary. In making that decision, you must take into consideration all of the circumstances confronting defendants at the time and place of the incident, including what defendants saw and heard; whether there was assistance available to defendants; and what if anything you find that defendants had been informed about plaintiff. Defendants were not required, at their own peril, to measure the precise amount of force necessary. If by these standards

defendants used excessive force to accomplish their purpose, then defendants committed a battery and are liable for damages resulting from their acts.

## FAILURE TO INTERVENE

Plaintiff alleges that Defendants failed to intervene to stop their fellow officers' unconstitutional conduct. All law enforcement officials have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officers in their presence. An officer who fails to intervene is liable for the preventable harm caused by the actions of another officer if the first officer either observes or has reason to know that a constitutional violation is occurring. However, before an officer can be held liable for failure to intervene, you must find that the officer had a realistic opportunity to prevent the harm from occurring - that is, that he had sufficient time to intercede and a capability to prevent the harm.

Thus, before you can hold Defendants liable for failure to intervene, you must conclude that the following four elements have been met: (1) that Plaintiff was subjected to a constitutional violation; (2) that the Defendant in question observed those actions and knew they were unlawful; (3) that the Defendant in question had a realistic opportunity to intervene, as I have just described that phrase; and (4) that the Defendant in question failed to take reasonable steps to prevent the violation of Plaintiff's constitutional rights. If you find that these four elements are satisfied by a preponderance of the evidence, then you must find that Plaintiff has established the elements for a claim of failure to intervene.

## DAMAGES

I will now instruct you on the law for measuring damages.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case. Instructions as to the

measure of damages are given for your guidance only in the event that you should find in favor of the plaintiff in accordance with my other instructions.

**COMPENSATORY DAMAGES**

If you find in favor of Mr. Theodat on any of his claims, then you must determine an amount that is fair compensation for his injuries. This type of damages is known as "compensatory damages." You may award compensatory damages only for injuries that Mr. Theodat proved by a preponderance of the evidence were caused by a defendant's wrongful conduct. The damages that you award must be fair compensation - no more and no less - for the loss, if any, which resulted from the defendants' wrongful conduct. The purpose of these damages is to make the plaintiff whole - to put him in the same position that he would have been in had there been no violation of his rights. The purpose is not to punish the defendants.

Compensatory damages may cover economic loss, physical pain and suffering, mental anguish, or emotional suffering that you find Plaintiff to have suffered as a result of any impermissible conduct by Defendants.

There is no claim in this case that Plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

Keep in mind that in order to recover damages for physical pain and suffering, mental anguish, or emotional suffering, Plaintiff must present credible evidence of his suffering and that Defendants' impermissible conduct caused this suffering. To satisfy the requirement, Plaintiff does not need to provide evidence from a medical expert.

There is no exact standard for determining the precise amount of damages for pain and suffering. An award you make must be fair and reasonable in light of the evidence at trial. An award must not be based only on speculation or sympathy. If you decide to award compensatory damages

you should be guided by your dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require Mr. Theodat to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the evidence.

If you find that plaintiff was falsely arrested, you must award compensatory damages for that arrest because plaintiff suffered a loss of liberty. Plaintiff is entitled to compensatory damages from a loss of liberty to compensate for his loss of time, his physical and emotional discomfort and for any embarrassment and humiliation, as well as his conditions of confinement, and these are all factors that you should consider to the extent you find that plaintiff was falsely arrested. [7]

Although there are multiple defendants in this case, it does not follow that if you find one to be liable, they all are liable. Each defendant is entitled to fair, separate and individual consideration of the case against him on each claim, without regard to your decision as to the other defendants and the other claims.

## **PUNITIVE DAMAGES**

In addition to compensatory damages, if you find in favor of Mr. Theodat, you may choose to make a separate and additional award of punitive damages.

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

---

[7] See Hygh v. Jacobs, 961 F.2d 359, 366 (2nd Cir. 1992); Kerman v. City of New York, 374 F.3d 93, at 125-126 (2nd Cir. 2004)

You may award punitive damages if you find that the acts or omissions of the individual defendants were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that the individual defendants acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the individual defendants acted with malicious intent to violate the plaintiff's federal rights, or if you find that the individual defendants acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. You may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

Thus, in deciding whether to award punitive damages, you should consider whether the individual defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent these defendants from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the individual defendants may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the

sum to be awarded, you should consider the degree to which the defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or persons like them from committing wrongful acts in the future.

Dated: White Plains, New York
         June 20, 2019

                                             Respectfully submitted,

                                             /s/ John Knudsen
                                             JOHN E. KNUDSEN
                                             Of Counsel
                                             Sivin & Miller, LLP
                                             20 Vesey Street, Suite 1400
                                             New York, NY 10007