

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

ZACHARY W. CARTER
*Corporation Counsel*

EVAN F. JAFFE
*Assistant Corporation Counsel*
phone: (212) 356-2354
fax: (212) 356-3509
evjaffe@law.nyc.gov

June 25, 2019

<u>**VIA ECF**</u>
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    <u>Jeffrey Theodat v. City of New York, et al.</u>,
               16-CV-3977 (FB) (JO)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants Detective Joel Crooms and Police Officer Christopher McDonald in the above-referenced matter, which is currently on trial.  In advance of closing arguments, which are scheduled to begin tomorrow morning at 10:00 a.m., defendants respectfully request that: (i) plaintiff's motion to preclude defendants from commenting during summations on plaintiff's decision not to call non-party Jahneiro Plummer as a witness at trial be denied; and (ii) the Court amend the jury instructions as set forth below.

**I.**    **Defendants Should be Permitted to Comment in Summations Regarding the Non-Appearance of Mr. Plummer at Trial**

        The record in this action is abundantly clear that prior to trial, plaintiff made a strategic decision, for whatever reason, to *specifically* not include Mr. Plummer as a trial witness. Despite making that decision, the majority of plaintiff's case at trial over the past two days has focused on the arrest of Mr. Plummer, who is neither a party to this case nor appeared at trial to testify. For the reasons set forth below, plaintiff's motion to preclude defendants from commenting during summations regarding the non-appearance of Mr. Plummer as a trial witness should be denied as plaintiff's request is evidence of clear gamesmanship and severely prejudices defendants.

        **A.**    **Background**

        By way of brief background, following the close of discovery, defendants filed a Motion for Summary Judgment.  In opposition, plaintiff attached a sworn declaration wherein

plaintiff described his May 25, 2015 arrest and that of Mr. Plummer; there was no declaration or other sworn statement from Mr. Plummer attached to plaintiff's opposition. On August 10, 2018, the Court granted in part and denied in part defendants' motion and noted the following: "Inexplicably, despite the presence of Plummer being a glaring contradiction between the two stories, neither party has provided any concrete evidence as to whether Plummer was present that night, though Theodat's arrest and complaint reports do not mention Plummer." (Docket Entry No. 51 at 3 n.1). Following the Court's decision, and during the course of counsel meeting and conferring regarding the parties' witness lists, plaintiff's counsel informed the undersigned that he did not intend to call Mr. Plummer as a witness at trial, but specifically stated that he reserved his right to do so.

Based on plaintiff's counsel's lack of clarity regarding whether Mr. Plummer was going to be a witness for plaintiff at trial, on April 19, 2019, defendants filed a motion to request, among other things, permission to take Mr. Plummer's deposition, or, in the alternative, preclude Mr. Plummer as a witness at trial. (Docket Entry No. 55). In opposition, however, plaintiff's counsel represented that he "has no intent[ion] on using [Plummer] at trial at this time, and thus the Court can deny defendants' request to depose (or preclude) [Plummer] on that basis." (Docket Entry No. 56 at 2). Thereafter, on May 1, 2019, the Court held a conference at which time plaintiff's counsel expressly stated that he would not call Mr. Plummer as a witness at trial. Importantly, the Court noted at that conference that, to the extent plaintiff wished to call Mr. Plummer as a witness a trial, the Court would permit the deposition of Mr. Plummer to go forward before trial. As a result, plaintiff's counsel confirmed that he would not call Mr. Plummer as a witness at trial and, as such, a deposition of Mr. Plummer did not go forward.

Thereafter, on June 10, 2019, two weeks before trial commenced, plaintiff's counsel notified the undersigned that he was serving a subpoena on the NYPD to obtain Mr. Plummer's sealed arrest records. Notably, these records were never obtained during the 10 months of discovery. In response, on June 12, 2019, defendants moved to quash the subpoena on the grounds that it was defendants' position that the arrest records were irrelevant to the determination of whether there was probable cause to arrest plaintiff on May 25, 2015. (Docket Entry No. 64). On June 13, 2019, plaintiff opposed defendants' motion and argued that Mr. Plummer's arrest records were relevant because they supported plaintiff's version of events that, on May 25, 2015, he and Mr. Plummer were arrested at the same time and location. (Docket Entry No. 67 at 1).

**B.    The Court Should Permit Defendants to Discuss Mr. Plummer's Absence from Trial During Summation.**

As Your Honor is aware, despite having made a decision, prior to trial, to not call Mr. Plummer as a witness at trial, the facts and circumstances of Mr. Plummer's arrest have been the main focus of plaintiff's case during this two-day trial. In fact, defendants respectfully note that, aside from a series of questions by plaintiff's counsel to Detective Crooms about plaintiff's arrest, the vast majority of plaintiff's two hour examination of Detective Crooms focused on the arrest of Mr. Plummer, not the arrest of plaintiff.

The strategic decision by plaintiff to *not* call Mr. Plummer as a witness at trial and then mainly focus, at trial, on facts and circumstances of Mr. Plummer's arrest, cannot and

should not be used as both a sword and a shield by plaintiff. The record of this case is abundantly clear that had Mr. Plummer been identified as one of plaintiff's trial witness, defendants would have deposed Mr. Plummer, with the permission of Your Honor, prior to trial. Accordingly, the only just result is that defendants be permitted to discuss and argue, during summation, Mr. Plummer's absence at trial, and plaintiff should not be shielded from any arguments by defendants as to why plaintiff chose not to call Mr. Plummer as a witness at trial. It is up to the Jury to determine whether they give any weight to the evidence and the arguments made by counsel. As such, defendants respectfully request that plaintiff's motion to preclude defendants from mentioning Mr. Plummer's absence at trial be denied.

## II. Draft Jury Instructions

Defendants respectfully submit the below substantive comments to the Draft Jury Instructions.

### A. Unavailable Witness (p. 6).

Defendants respectfully request that the Court include the following additional language: "Detective Veve is unavailable to testify at this trial **through no fault of his own**."

### B. False Arrest (pp. 9-11).

In the first instance, defendants respectfully request that, at p.11, after "then your verdict is for the defendants on the false arrest claim", the Court include the following, as originally proposed in defendants' June 20, 2019 request to charge: "**Keep in mind, you do not need to be unanimous as to which crime you find probable cause, only that you are unanimous that probable cause existed for any crime.**" (Docket Entry No. 74 at 9).

Moreover, defendants respectfully request, consistent with their June 20th request to charge, that the Court include the following instruction, at p.10, after "… in good faith in relying on that information": "**There need not have been evidence proving each of the elements of the offense at the time the officer made the arrest. Moreover, it is not necessary that the officer had probable cause to arrest plaintiff for the offense(s) with which he eventually charged the plaintiff, so long as the officer had probable cause to arrest plaintiff for any criminal offense.**" (Docket Entry No. 74 at 6-7 (citing Devenpeck v. Alford, 543 U.S. 146, 152-153 (2004)).

Additionally, defendants respectfully request, consistent with their June 20th request to charge, that the Court instruct the jury on two additional crimes that plaintiff could have been arrested for on May 25, 2015: (i) Unlawful possession of marijuana, under Penal Law § 221.05: A person is guilty of unlawful possession of marijuana when he knowingly and unlawfully possesses marijuana; and (ii) Littering, under New York City Administrative Code § 16-118(a): No person shall litter, sweep, throw or cast, or direct, suffer or permit any servant, agent, employee, or other person under his or her control, to litter, sweep, throw or cast any ashes, garbage, paper, dust or other rubbish and refuse of any kind whatsoever, in or upon any street or public place, vacant lot, air shaft, areaway, backyard court, park, or alley. (Docket Entry No. 74 at 7-8).

Furthermore, defendants respectfully request, consistent with their June 20th proposed request to charge, that the Court include language that probable cause to arrest may include whether there was probable cause to arrest plaintiff for an **attempt** to commit any of the above-referenced offenses under Penal Law § 110.00. (Docket Entry No. 74 at 8). As such, defendants respectfully request that the Court modify, at p. 10, the statement beginning with "Probable cause to arrest exists" to include the following: "…that the person to be arrested has committed, is committing, **or attempting to commit** a crime." Similarly, defendants respectfully request that the Court modify, at p. 11, the statement beginning with "If you find that the defendants" to include the following: "…for this underlying crime, **or an attempt of those crimes,** then your verdict". (Docket Entry No. 74 at 8).

### C. Excessive Force (pp. 11-12).

With respect to the excessive force portion of the charge, defendants respectfully submit that the eight (8) factors set forth on pp. 11-12 are not relevant to the facts adduced at trial in this case as plaintiff's excessive force claim is solely based on plaintiff's testimony that Detective Crooms twisted plaintiff's arm in the course of arresting plaintiff. As such, defendants respectfully request that the following language beginning with "Some of the things you may want to consider are (1) the severity of the crime" through "and (8) the general exigency of the moment" be removed from the charge. It should be noted that plaintiff's proposed request to charge did not request that the Court include any of these 8 factors in the jury charge. (See generally Docket Entry No. 76 at 4-5).

### D. Battery

Defendants respectfully submit that the jury should not be charged on a claim of battery under New York State law. In the first instance, a claim of battery is duplicative of the excessive force claim. See Castro v. County of Nassau, 739 F. Supp. 2d 153, 178, n.17 (E.D.N.Y. 2010) (same standard applies for § 1983 excessive force claim and state law battery claim). Here, plaintiff's excessive force claim is based on his allegation that Detective Crooms twisted plaintiff's left arm behind his back and then handcuffed him, causing an injury. As such, plaintiff seeks double recovery for the same purported injuries and conduct by way of two claims. (See Docket Entry No. 76 at 6). Thus, defendants respectfully submit that charging the jury on both claims allows for the potential of plaintiff being award duplicative damages for the same conduct and injuries, and the jury should not be charged on a battery claim.

Moreover, in their proposed request to charge, defendants requested that the Court instruct the jury that plaintiff is entitled to only one recovery, despite multiple claims, for the same injury. Plaintiff's argument that the battery claim seeks damages arising out of the false arrest, i.e., any offensive touching that was not otherwise privileged, that may be separate from any injury resulting from force is belied by plaintiff's proposed jury instruction. More specifically, plaintiff's proposed battery claim clearly seeks recovery for the same injury – injury to his shoulder – as his proposed excessive force claim, which he cannot obtain. See Indu Craft. Inc. v. Bank of Baroda, 47 F.3d 490, 497 (2d Cir. 1997) ("A plaintiff seeking compensation for the same injury under different legal theories is of course entitled to one recovery."). Thus, a battery instruction is unnecessary and duplicative and should not be presented to the jury.

- 5 -

**E.  Defendant vs. Defendants.**

Defendants respectfully request that the Court modify the following sections to reflect the number of defendants to which plaintiff is bringing a claim:

(i)   Page 9, line 6: "both defendants" respectfully should be modified to "defendant Officer Crooms denies" as plaintiff brings an excessive force claim only against Officer Crooms;

(ii)  Page 10, line 1: "defendants have" respectfully should be modified to "defendant has" as plaintiff brings a false arrest claim only against Officer Crooms;

(iii) Page 10, line 16: "defendants contend" respectfully should be modified to "defendant contends";

(iv)  Page 11, line 9: "defendants have" respectfully should be modified to "defendant has";

(v)   Page 10, lines 10 and 11: "defendants" respectfully should be modified to "defendant";

(vi)  Page 11, line 24: "in determining whether any of the defendants" respectfully should be modified to "in determining whether defendant Officer Crooms";

(vii) Page 12, line 17: "defendants" respectfully should be modified to "defendant".

Thank you for your consideration herein.

Respectfully submitted,

/s/
Evan F. Jaffe
*Assistant Corporation Counsel*

Cc:  John Knudsen, Esq. (VIA ECF)
     *Attorneys for Plaintiff*