16-CV-3977 (FB)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFFREY THEODAT,

                              Plaintiff,

-against-

DETECTIVE JOEL CROOMS AND POLICE OFFICER CHRISTOPHER MCDONALD,

                              Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' POST-TRIAL MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50; MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. 59; AND MOTION FOR REMITTITUR**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
    Attorney for Defendants
    100 Church Street
    New York, New York 10007

    Of Counsel: Philip R. DePaul

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................... 1

    POINT I .......................................................................................................... 1

        DETECTIVE CROOMS IS ENTITLED TO A NEW TRIAL ............................................................................................. 1

    POINT II ........................................................................................................ 6

        OFFICER MCDONALD IS ENTITLED TO JUDGMENT AS A MATTER OF LAW .................................................... 6

    POINT III ....................................................................................................... 8

        THE JURY'S COMPENSATORY AND PUNITIVE DAMAGES AWARDS SHOULD BE REDUCED ..................................................................................... 8

CONCLUSION ..................................................................................................... 11

## ARGUMENT

### POINT I

### DETECTIVE CROOMS IS ENTITLED TO A NEW TRIAL

**A.  Detective Joel Crooms Met his Burden and Established Probable Cause to Arrest.**

Detective Crooms was not required to show that there was probable cause for only those crimes with which plaintiff was charged.  In fact, Detective Crooms was only required to establish that there was probable cause to arrest for *any offense—*regardless of whether plaintiff was charged with it.  Devenpeck v. Alford, 543 U.S. 146, 152-153 (2004).

As stated above, in order to meet his burden, Detective Crooms was only required to demonstrate that there was probable cause to arrest plaintiff on May 25, 2019 for *any* crime. Detective Crooms met that burden because, at a minimum, there was probable cause to arrest plaintiff for unlawful possession of marijuana (N.Y. PEN. LAW § 221.05) and littering (N.Y. CITY ADMIN. CODE § 16-118(a)).  In his opposition, Plaintiff incorrectly argues that the only evidence to support defendants' version of events was Detective Crooms' testimony; the record, however, demonstrates that even if the jury chose to disregard the detective's testimony,[1] there was both physical (the marijuana) and documentary (the Arrest Report, the Marijuana Field Test, the Property Voucher, the Desk Appearance Ticket) evidence that established probable cause to arrest for the possession of and/or littering of the recovered marijuana.

---

[1] Plaintiff's argument that the jury was free to disregard Detective Crooms' testimony because he was an interested party is puzzling.  Indeed, there is no more interested person at the trial than plaintiff, who sought money damages. Moreover, plaintiff's reliance on Kerman v. City of New York is misplaced.  There, the Court held that, in the context of plaintiff's request for a new trial pursuant to Fed. R. Civ. P. 59, the jury was free to reject plaintiff's subjective beliefs about purported emotional injuries because plaintiff, and his brother, were interested witnesses. 374 F.3d 93, 123 (2d Cir. 2004).  Here, however, there is no concern as whether Detective Crooms – due to his status as an interested witness – subjectively believed there was probable cause to arrest plaintiff because an officer's subjective views about an arrest play no role whatsoever in the probable cause calculus, which is an objective test that Detective Crooms clearly established in this action.

As noted in defendants' original moving papers, plaintiff did not deny that he was possessed the marijuana that was undisputedly recovered during his arrest. Therefore, the Court's instruction that the jury was *required* to determine solely whether there was probable cause to arrest plaintiff for criminal possession of marijuana in the fifth degree not only unfairly prejudiced Detective Crooms, but also disregarded the applicable law. (See Trial Transcript, annexed to the Jaffe Declaration dated July 26, 2019 (ECF No. 87), as Exhibit "A," at 352-353.)

Moreover, plaintiff's trial testimony focused exclusively on whether he smoked the marijuana—which he denied. But plaintiff never addressed whether he possessed or littered the marijuana. In other words, because plaintiff failed to deny that the recovered marijuana was his, the jury could have reasonably believed that he did not smoke, but possessed, the marijuana. Based on the Court's incorrect instruction that the jury was only to decide whether there was probable cause to arrest plaintiff for *smoking* marijuana, the jury was not given the opportunity to decide whether plaintiff *possessed and/or littered* the marijuana cigar—two separate charges that are not subsumed by N.Y. PEN. LAW § 221.10— and of which there was unchallenged evidence. Thus, as a matter of law, Detective Crooms established probable cause and, as such, the jury's verdict that Detective Crooms did not have probable cause to arrest plaintiff was against the weight of the evidence and a miscarriage of justice.

## B. Defendants are Entitled to Qualified Immunity or a New Trial.

Defendants are entitled to qualified immunity, or, at the very least, a new trial so that special interrogatories regarding the defense can be submitted to the jury.

First, based on this record, Detective Crooms is entitled to judgment as a matter of law under Rule 51 regarding his qualified immunity defense. Detective Crooms had arguable probable cause to arrest plaintiff because it was objectively reasonable for Detective Crooms to believe, even if mistaken, that plaintiff possessed the marijuana recovered during his arrest.

While plaintiff cites Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007), for the proposition that the right to be free from a warrantless arrest was clearly established at the time of plaintiff's arrest, that is not the standard. Rather, for a right to be "clearly established," the law must be "'sufficiently clear' that every 'reasonable official would understand that what he is doing'" is unlawful. Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011). In other words, existing precedent must place the lawfulness of the particular conduct "beyond debate." District of Columbia v. Wesby, 138 S. Ct. 577, 590 (2018) (citing al-Kidd, 563 U.S. at 741). Here, because there is no case law to demonstrate that Detective Crooms' conduct—arresting an individual after he recovered a quantity of marijuana that he observed that individual discard—was unconstitutional *beyond debate*, Detective Crooms is entitled to qualified immunity.

Second, a new trial is also warranted pursuant to Rule 59 due to the Court's failure to permit defendants to submit special interrogatories to the jury. Plaintiff's argument that defendants did not submit special interrogatories (therefore waiving qualified immunity) is wholly misleading. During an off-the-record discussion before the verdict, defendants' counsel requested permission from the Court to submit special interrogatories to the jury and the Court denied defendants' request. Plaintiff's counsel was present for this request and discussion, all of which was memorialized in defendants' June 26, 2019 letter to the Court. (See ECF No. 82.)

Had the Court permitted defendants to submit special interrogatories and properly instructed the jury on Devenpeck, the jury could have found that Detective Crooms reasonably believed, even if mistaken, that plaintiff smoked, possessed, or littered marijuana, which would have resulted in defense verdict on this claim. Because the Court denied defendants' request to submit special interrogatories before the jury delivered its verdict, defendants are entitled to a new trial.

### C. Plaintiff's Arrest History Should Have Been Admitted into Evidence.

The jury was entitled to be presented with evidence regarding plaintiff's vast arrest history because the plaintiff claimed and the jury was charged on emotional damages.

As an initial matter, plaintiff's opposition fails to contest the well-established case law that arrest history is relevant to assessing emotional damages. Instead, plaintiff argues that his arrest history was not relevant because he did not testify about his emotional damages. This fails to acknowledge that, based on the Court's instructions, the jury could consider emotional damages. Indeed, plaintiff specifically requested in his proposed jury instructions that the Court charge the jury on emotional damages. (ECF No. 76, at 8-9.) Moreover, the Court included extensive language about emotional damages in its jury charge. (Ex. A, at 360-362, 392-395.)

Thus, because the Court precluded defendants from presenting evidence of plaintiff's multiple prior arrests and periods of incarceration, the jury was not able to properly assess plaintiff's emotional damages. Accordingly, defendants were prejudiced and should be granted a new trial.

### D. Jahneiro Plummer's Arrest was Irrelevant to Plaintiff's Claims at Trial.

The Court erred in permitting plaintiff to submit irrelevant and prejudicial evidence related to the arrest of Jahneiro Plummer. Given the extensive discussion regarding Mr. Plummer's arrest, the jury was necessarily confused about what they were being asked to decide.

The circumstances surrounding Mr. Plummer's arrest were unrelated to whether Detective Crooms believed there was probable cause to arrest plaintiff. Plaintiff's presentation of extensive testimony and documentary evidence at trial regarding Mr. Plummer's arrest essentially required defendants to defend the basis for Mr. Plummer's arrest even though that was not a claim nor was Mr. Plummer a party in this action. Even more troubling was the fact

4

that Mr. Plummer never appeared at trial as a witness and Mr. Pummer's arresting officer was unavailable to testify—so all of the evidence submitted to the jury pertaining to Mr. Plummer's arrest was hearsay.

While plaintiff repeatedly argues that Detective Crooms was a qualified witness to admit Mr. Plummer's arrest records as business and/or public records, plaintiff fails to account for FED. R. EVID. 602, which states that a witness may only testify about a matter if that individual is competent. Detective Crooms was not competent to testify about the circumstances underlying Mr. Plummer's arrest, as he was not Plummer's arresting officer nor did Detective Crooms have a recollection of that arrest; to the contrary, Detective Crooms only had the ability to testify about what appeared on the arrest documents and nothing further. This falls far short of establishing the threshold for admission of documentary evidence and, notably, plaintiff fails to cite to a single case establishing that any police officer may introduce police records at trial, regardless of the officer's competency. As a result, a new trial is warranted.

**E. Plaintiff's Counsel's Misconduct in Closing Argument Unfairly Influenced the Jury's Verdict.**

Plaintiff's counsel's summation misconduct also warrants a new trial. First, plaintiff's counsel's argument that the marijuana recovered in connection with plaintiff's arrest was planted, and that the officers had easy access to marijuana, had no basis in evidence. Neither plaintiff nor his witness, David Saintloth, testified that the marijuana was planted; in fact, not a single witness testified that the marijuana was planted. Additionally, counsel's argument in summation that because the officers had made hundreds of marijuana arrests they had easy access to marijuana, similarly had no evidentiary basis. There was no evidence whatsoever that could support the inference that officers have easy access to marijuana based on having made hundreds of arrests. While Detective Crooms and Officer McDonald testified as to

5

their experience effecting marijuana arrests, that does not lead to an inference—let alone reasonable one—that the officers had "access" to previously vouchered marijuana so that they could plant evidence on plaintiff. (Ex. A, at 309.)

Second, plaintiff's counsel also misrepresented that the officers received overtime in connection with plaintiff's arrest. Detective Crooms worked a previously scheduled overtime tour on May 24th into May 25th because it was his day off. He did not receive any additional overtime as a result of this arrest. Additionally, plaintiff's argument that it was reasonable to infer that all the officers were receiving overtime because they were regular partners is not supported by any evidence at trial.

Finally, plaintiff's counsel's attempt to minimize the use of words such as "victim", "trauma", and "immigration" is disingenuous. Plaintiff's counsel is well aware that, in the current political climate regarding victim and immigrant rights, a comment that plaintiff's arrest could potentially impact his immigration status would likely spark a visceral reaction from the jury. The trial record, including plaintiff's testimony, is completely devoid of any evidence that plaintiff's May 25th arrest could have had caused plaintiff immigration issues. In fact, immigration was never once mentioned and plaintiff testified that he grew up in East Flatbush, Brooklyn. (Ex. A, at 39.) Thus, plaintiff's counsel's reference to the fact that this arrest could have impacted plaintiff's immigration status crossed the line from fair to inflammatory. Accordingly, a new trial is warranted.

## POINT II

### OFFICER MCDONALD IS ENTITLED TO JUDGMENT AS A MATTER OF LAW

Plaintiff failed to present evidence at trial that Officer McDonald knew that plaintiff was being falsely arrested and had a reasonable opportunity to intervene to stop that

6

arrest. As such, the jury's verdict against Officer McDonald for failing to intervene to stop plaintiff's allegedly false arrest cannot stand. Indeed, the false arrest finding should not stand and, as such, the claim against Officer McDonald should be dismissed with prejudice.

Plaintiff's arguments in opposition largely sidestep this glaring gap in the evidence. Instead, plaintiff (without any explanation) calls defendants' arguments "frivolous," and points to two facts in the record which he asserts support the jury's verdict against Officer McDonald. But neither of those facts, whether viewed in isolation or together, support what plaintiff was required to prove to meet his burden on this claim but did not.

First, plaintiff argues that Officer McDonald's presence at time of plaintiff's arrest supports the jury's finding. But an officer's mere presence at the scene of arrest—even if it was effected without probable cause—is not itself sufficient to prove that that officer was aware of the false arrest and had an opportunity to stop it. See, e.g., Conroy v. Caron, 275 F. Supp. 3d 328, 354 (D. Conn. 2017)(recognizing that an "officer's mere presence at the scene is not enough to establish liability for a failure to intervene"); Rodriguez v. City of New York, No. 10 CV 9570 (PKC), 2012 U.S. Dist. LEXIS 66548, at *14 (S.D.N.Y. May 11, 2012) ("[T]he mere fact that [an officer] was present for the entire incident does not, on its own, establish that he had either awareness of [a constitutional violation] or an opportunity to prevent it."). And no reasonable inference can be drawn from Officer McDonald's presence at plaintiff's arrest since, even plaintiff stated that Officer McDonald was simultaneously arresting another person. (Ex. A, at 48-49.)

Second, plaintiff points to the fact that Officer McDonald input the police paperwork for plaintiff's arrest. But it is well settled that an officer is entitled to rely on information relayed by another officer, even if the information later turns out to be mistaken or

7

incorrect. Cooperstein v. Procida, No. 00 CV 2642 (JM), 2001 U.S. Dist. LEXIS 7785, at *13 n.3 (E.D.N.Y. June 4, 2001) (relying the fellow officer rule to grant summary judgment on claims of false arrest and malicious prosecution to an officer who was not present for an arrest and completed police paperwork in reliance on information provided by the arresting officer). Here, Officer McDonald testified that he received the information that he input into the arrest paperwork from Officer Crooms—and he was entitled to rely upon that information. (Tr., at 246:21-24.) Most importantly, even when taken together, the facts on which plaintiff relies do not support an inference—let alone prove—that Officer McDonald knew about plaintiff's alleged false arrest and could stop it. Sanders v. City of New York, No. 12 CV 113 (PKC)(LB), 2015 U.S. Dist. LEXIS 42698, at *60 (E.D.N.Y. Jan. 7, 2015) (dismissing failure to intervene claim after plaintiffs did "not present[] any evidence that [the officer] was aware that plaintiffs were being arrested . . . without probable cause.")

Finally, as set forth above in Point I(B), Detective Crooms is entitled to qualified immunity on plaintiff's false arrest claim, or, alternatively, a new trial based on the Court's failure to submit special interrogatories to the jury. Since the jury found that Officer McDonald failed to intervene to prevent plaintiff's false arrest claim, Officer McDonald is therefore entitled to the same relief—qualified immunity or a new trial. As a result, because plaintiff failed to carry his burden on his failure to intervene claim, the Court should enter judgment in Officer McDonald's favor or, alternatively, grant him a new trial.

## POINT III

### THE JURY'S COMPENSATORY AND PUNITIVE DAMAGES AWARDS SHOULD BE REDUCED

Plaintiff's compensatory damages award should be vacated or reduced. As explained in defendants' original moving papers, at trial, plaintiff did not present any evidence

8

regarding any emotional damages. (Defs.' Mem. at 31.)  Plaintiff likewise did not present any evidence of physical damages apart from his shoulder injury, which solely related to his excessive force claim. (Defs.' Mem. at 31.)  As such, the only evidence upon which the jury could base its compensatory damages award was plaintiff's time in custody of two-and-a-half-hours.

In arguing that the compensatory damages award should not be disturbed, plaintiff now claims that he may recover for his physical injury.  Plaintiff argues that "the jury could have determined that defendants caused [plaintiff] pain during the arrest, which continued while he was being held . . . ." (Pl.'s Mem. at 21.)  Plaintiff's argument, if credited, would allow him to recover damages for a claim that the jury rejected, i.e., his excessive force claim.  In other words, plaintiff's position would permit double-recovery, allowing plaintiff to recover the same damages for two separate claims.  The Second Circuit has rejected this approach. See Dancy v. McGinley, 843 F.3d 93, 113 (2d. Cir. 2016).

Moreover, the cases on which plaintiff relies to argue that the compensatory damage award here is appropriate are not applicable.  Indeed, this Court in Alla v. Verkay upheld an award of $300,000 in part because plaintiff "experienced physical pain from his injuries" during that time, as well as "emotional distress from his general terror, humiliation, and fear of being raped." 979 F. Supp. 2d 349, 372 (E.D.N.Y. 2013).  But no such evidence of physical pain or emotional distress was presented to this jury.  Similarly, the Court in Graham v. City of New York upheld a verdict of $150,000 on a false arrest claim because, in addition to evidence concerning plaintiff's loss of liberty, there was evidence of "minor physical pain and injury" and "past and future emotional harm, including fear, panic and humiliation." 128 F. Supp. 3d 681, 715 (E.D.N.Y. 2015).  Since there was no such evidence here, and the jury wholly rejected

plaintiff's excessive force claim finding for defendants, a reduction of the compensatory damages award is warranted at the very least.

Plaintiff's punitive damages award should also be vacated or reduced. Contrary to plaintiff's argument, defendants did not waive their argument that the punitive damages award was unsupported by the evidence. First, in submitting their jury instructions, defendants expressly stated that "the jury should not be instructed on punitive damages" and that "no rational jury could find punitive damages against the defendants in this case." (See ECF No. 74, at 17 n.45.) Second, defendants' oral motion pursuant to Rule 50(a) articulated that "on the record that's been presented in this case no reasonable jury could find in plaintiff's favor on any of his claims"—which necessarily includes his claim for punitive damages. (Ex. A, at 267-268.) Third, and most importantly, the Court expressly reserved ruling on the question of whether punitive damages were supported in this case. In addressing the proposed jury charge, the Court stated to plaintiff: " . . . I guess you will have your punitive damage charge. I'm not going to make any rulings as to whether or not there's a basis for it or not, but we will see what the jury says first, okay?" (Ex. A, at 262.) As such, this Court can—and should—vacate the punitive damages award because it is in not supported. See <u>Collado v. City of New York</u>, No. 11 Civ. 9041 (DC), 2019 U.S. Dist. LEXIS 144154, at *27-*29 (S.D.N.Y. Aug. 23, 2019) (vacating $10 million punitive damages award because the Court did not believe that punitive damages are warranted in the circumstances presented . . . .")

As such, for the reasons set forth in defendants' original moving papers, plaintiff's punitive damages award should be vacated or reduced.

10

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court set aside the verdict and grant a new trial as to Detective Crooms, grant judgment as a matter of law to Officer Christopher McDonald, or, at the very least, a new trial, or, alternatively grant remittitur.

Dated:       September 9, 2019
             New York, New York

                                       **GEORGIA M. PESTANA**
                                       Acting Corporation Counsel
                                           of the City of New York
                                       *Attorney for Defendants*
                                       100 Church Street
                                       New York, New York 10007
                                       (212) 356-2413
                                       pdepaul@law.nyc.gov

                                       By:           /s/

                                                  Philip R. DePaul
                                                  *Senior Counsel*